### GREAT NORTHERN RY. CO. v. McDERMID.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1910.)

#### No. 1,761.

1. MASTER AND SERVANT (§§ 288, 289*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—DEFECTIVE MACHINERY—QUESTIONS FOR JURY.

Where a servant having knowledge of a defect in a machine or appliance which makes it unsafe to use it reports the fact to the employer, and is promised that the defect shall be repaired within a reasonable time, whether his continuing to use it is within the asumption of risk or constitutes contributory negligence if he is injured are questions for the jury, unless the facts are such that upon any view of them no recovery can be had thereon as matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1084, 1097; Dec. Dig. §§ 288, 289.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MASTER AND SERVANT (§ 145*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—CONSTRUCTION OF RULES OF RAILROAD COMPANY.

If a rule of a railroad company is ambiguous and uncertain, it should be construed most strongly against the company, and in favor of the employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 288; Dec. Dig. § 145.*]

3. MASTER AND SERVANT (§ 243*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—DEFECTIVE MACHINERY—CONTRIBUTORY NEGLIGENCE—VIOLATION OF RULES—RELIANCE ON PROMISE TO REPAIR.

Where the rules of a railroad company required the roundhouse foreman to make all needed repairs on engines or cause them to be made, a rule requiring engineers before starting on a trip to examine their engines to know that they are in a safe condition to operate does not make it the duty of an engineer to make repairs before starting, but in such respect the roundhouse foreman is his superior, and the promise by such foreman to repair a defect reported to him by an engineer, or to send an appliance required, may justify the engineer in proceeding with the engine in reliance on such promise when he is ordered to do so.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 682, 762; Dec. Dig. § 243.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Eastern District of Washington.

Action by Anson McDermid against the Great Northern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

F. V. Brown, A. J. Laughon, J. J. Lavin, and Robert C. Saunders, for plaintiff in error.

W. H. Plummer, for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

HUNT, District Judge. This action was brought in the United States Circuit Court by Anson McDermid, a locomotive engineer, hereafter to be called the plaintiff, against the Great Northern Railway Company, hereafter to be called the defendant, to recover damages for an injury to plaintiff's right eye, caused by the alleged negligence of the defendant in not furnishing a guard for a lubricator glass in the locomotive. The glass exploded and partially destroyed the eye of the plaintiff. Verdict in favor of the plaintiff for $4,000, and, from a judgment thereon, the defendant sued out this writ of error.

The only specification of error relates to the refusal of the court to instruct the jury to return a verdict in favor of the defendant. The evidence of the plaintiff is substantially as follows: The plaintiff was in the employ of the defendant company as an engineer. In May, 1908, he was ordered to take an engine from Hillyard, Wash., to Troy, Mont. Upon examining the engine, preparatory to starting, plaintiff noticed the lack of a screen or guard over the lubricator glass in the cab. He immediately reported the defect to the roundhouse foreman, and requested that it be remedied. The foreman said, in answer to his report and request:

"Well, the night crew has gone. It is after 6 o'clock, and the day crew hasn't come to work yet. Everything is locked up and I can't get anything for you. You will have to go and we will send the things to you."

Thereupon, the plaintiff, relying upon the above promise of the foreman to make the repairs, ran the engine to Troy, as ordered. Upon his arrival at Troy, he reported to the defendant's foreman, that the lubricator had no screen glass, whereupon the foreman promised that he would send away for one and repair the defect in two or three days. Thereupon, the plaintiff continued, according to orders, to run the engine in its unsafe condition, relying on this promise of the foreman and on subsequent promises given every two or three days. On the eighth day after the discovery and first report of the defect, while the plaintiff was running his engine, relying on the promise of the foreman soon to remedy the defect, the unguarded lubricator glass exploded and drove a piece of glass into the plaintiff's eye, thereby injuring him severely.

It is well established that if a servant who has knowledge of the defects in a machine gives notice to his master, or his proper representative, and is promised that they shall be remedied, his subsequent use of it, in the well-grounded belief that they will be remedied within a reasonable time, is not, necessarily, either contributory negligence or within the assumption of risk. The questions involved are for submission to the jury, unless the conclusion follows, as matter of law, that no recovery can be had upon any view which can be properly taken of the facts the evidence tends to establish. Kreigh v. Westinghouse & Co., 214 U. S. 249, 29 Sup. Ct. 619, 53 L. Ed. 984; Hough v. Railway Co., 100 U. S. 213, 25 L. Ed. 612; Northern Pac. R. R. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958. We think this case was properly submitted under these principles. The jury found that the plaintiff was not guilty of contributory negligence; nor did he assume the risk.

But the defendant would have us decide that, as a matter of law, the plaintiff cannot recover because the undisputed facts of the case show conclusively that he was guilty of contributory negligence in this: That the plaintiff was bound by the rules of the company to do the very thing for the lack of doing which he was injured, namely, seeing to it that the guard was provided before he took the engine out on the trip. The rule upon which the defendant bases its contention is as follows:

"Rule 468. 'Before starting on a trip, they must examine their engines so as to know that they are in safe condition to operate; that all steps, handrails and handholds are in perfect condition; that water and lubricator glasses and guards for same are in perfect condition, and must provide themselves with enough extra water and lubricator glasses and guards for same to replace any that may be broken.'

"'a. Under no circumstances must they permit water and lubricator glass guards to be removed while engines are under their charge.'

"'b. It is the right and duty of engineers to take sufficient time to make such examination of their engines, before using same, as will avoid exposing them to unusual and unnecessary dangers by reason of any defective condition of same.'"

Defendant's contention is based upon a construction of this rule, to the effect that it is the engineer's duty to repair his engine, or see to it that the repairs are made. But it is apparent to us that neither the letter nor the spirit of the above rule supports this construction.

Undoubtedly, the rule prescribes that the engineer shall examine his engine for defects, but there is nothing in it to lead us to believe that the engineer must also repair defects when found, or be responsible for the repairing. As confirmatory of our view, we observe that "Roundhouse foremen, Rule 452," provides that the roundhouse foreman shall make repairs, or see to it that they are made. Thus, there is a positive duty to repair imposed upon the roundhouse foreman. The defendant argues that, under any construction, responsibility for repairs is put upon the foreman and the engineer jointly. There being, however, nothing tending to show that such responsibility is in the engineer, it is more consistent with reason and the generally known exigencies of railroading to believe that this is the duty of the foreman alone. The necessity for the delegation of labor among railway employés is a matter of common knowledge. An engineer, whose duty it was to repair the defects which might arise from time to time in his engine, would have little time for anything else. It is also insisted that rule 468, quoted, forbids an engineer to take out an engine which is defective in any particular, and that, therefore, the plaintiff in this case disobeyed a plain rule of the company and cannot recover.

Railway rules are presumed to have been drawn up with care and study, and the meaning of the company ought to be expressed in clear and concise language. But if the intent and meaning are not so expressed, and the meaning of any particular rule is ambiguous or uncertain, it should be construed in its stronger sense against the company and in favor of the employé. In the case at bar, does the rule plainly and unambiguously prohibit the taking out of a defective engine? It seems to us clearly not.

We have seen that the duty of making repairs devolved solely upon the foreman. He was fully capable of binding the company by a promise to the engineer concerning the duty which the company owed the engineer, the performance of which had been delegated to the foreman. Cincinnati Ry. Co. v. Robertson, 139 Fed. 519, 71 C. C. A. 335; Hough v. Railway Co., 100 U. S. 213, 25 L. Ed. 612.

The defendant attempts to distinguish the cases above cited from the one before us. There are some slight differences, it is true, but the principle on which the decisions cited rest is the same as that on which this case is based. Defendant insists that in the Hough Case, supra, the engineer was under the direct control of the foreman, while here, the engineer was not thus under his control, and that this lack of authority of the foreman over the engineer is fatal to the imputation to the company of promises made by the foreman to the engineer. The defendant again takes an erroneous view of the relative positions and duties of the foreman and of the engineer. The foreman was the superior of the engineer, at least, in regard to repairing the engine. He was the representative of the defendant company in matters within the domain of repairing and mending engines. Moreover, it appears from the evidence that when orders came from headquarters, it was the duty and right of the foreman to select the engine and crew to execute such orders. This power to designate what engine and engineer should perform the work makes the foreman the superior of all those who may come within the purview of his selection. He commands

them to execute the orders which come through the train dispatcher. If the engineer thus selected by the foreman to perform service is told to do it with a defective engine, and if he complains of the defect to the foreman, and is promised that it will be soon remedied, and is told by the foreman that in the meanwhile, he must use the engine in its defective condition, it is but reasonable to say that the engineer is using that particular engine at the command of the company, and that he has a right to rely on the foreman's promise that the defect will soon be remedied, as the promise of the company. There is nothing in the nature of the defect in the present action, and the means of remedying it, which make this case essentially different from Railway v. Robertson, supra.

Objection is also made that the promise was insufficient in fact, in that it was never performed, and had not been performed within a reasonable time between the promise and the injury. Of course, if the promise had been performed, this cause would not now be before this court. What constituted a reasonable time between the promises and the injury was clearly a question for the jury, and its conclusion will not be questioned.

After examination of all the points urged for review, we are of opinion that there is no substantial ground for a reversal.

Judgment affirmed.