[L. A. No. 4604.   Department One.—August 2, 1918.]

## FREMONT McGUIRE, Respondent, v. MILLER & LUX INCORPORATED (a Corporation), Appellant.

Negligence—Injury to Oiler on Tractor—Degree of Negligence under Roseberry Act—Question for Jury.—In an action for personal injuries received by a person employed as an oiler on a caterpillar tractor, the question as to whether the plaintiff, who had had little experience with machinery and who was required to oil the machinery while in motion, was guilty of such gross negligence as to prevent recovery under the Roseberry Act (Stats. 1911, p. 796), in inserting his hands among moving parts of the machinery to clean oil nipples, in view of his inexperience and the directions of his superior, was for the jury.

Id.—Discovery of Defective Oil Nipples—Question for Jury.—In such an action, the question whether the defect in the oil nipples of the tractor was one which the plaintiff's employer should have discovered in the exercise of reasonable care before attention was called thereto by the plaintiff, was for the jury.

Id.—Repair of Defect by Employer—Question for Jury.—In such an action, the question whether the employer should have repaired the defect in the oil nipples before intrusting the cleaning thereof to plaintiff, was for the jury.

Id.—Pleading—Sufficiency of Complaint.—In an action for personal injuries a complaint which inferentially and by way of recital avers that the defendant's negligence caused the injuries is sufficient as against general demurrer.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial.   Milton T. Farmer, Judge.

The facts are stated in the opinion of the court.

Edward F. Treadwell, for Appellant.

Thomas Scott, and J. R. Dorsey, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in plaintiff's favor in an action for damages for personal injuries and from an order denying the defendant's motion for a new trial.   The action was originally commenced in the superior court of the county of Kern.   It was

removed to the United States district court upon application of the defendant, Miller & Lux Incorporated, a Nevada corporation, but was subsequently remanded to the court and county in which it had been commenced, for trial. The defendant Livingston, joined with Miller & Lux Incorporated as a defendant for the reason that he was a co-employee of the latter with plaintiff and as such was in charge of the tractor in connection with which the plaintiff received his injuries, was never served with process and did not appear. The defendant Miller & Lux Incorporated answered denying negligence and pleading contributory negligence on the part of the plaintiff. The cause was tried before a jury. At the conclusion of the plaintiff's case the defendant moved for a nonsuit, which motion was denied. The defendant offered no evidence and the case went to the jury upon the plaintiff's proof, whereupon the jury returned a verdict in plaintiff's favor fixing his damages at the sum of five thousand dollars, for which judgment was entered. From this judgment and from the order denying its motion for a new trial said defendant prosecutes this appeal.

The facts essential to a determination of the main questions presented upon this appeal are as follows: The accident out of which the plaintiff's injuries arose happened on January 15, 1912, and the case therefore comes within the provisions of the Roseberry Act (Stats. 1911, p. 796). The plaintiff had entered the employ of the appellant about two months before the accident. He had been raised on a cattle ranch, was about twenty-four years old, and prior to the time of his said employment by the defendant had little experience with machinery. He was assigned to work as an oiler on a caterpillar tractor which was being used by the defendant at the time of the plaintiff's injuries in transporting products from place to place. Its machinery was rather intricate and its operation required the services of a mechanical engineer and of an oiler when in use. The codefendant Livingston was the engineer in charge of the machine, from whom the plaintiff was instructed to take his orders. The duties of the plaintiff required him to keep all portions of the machine properly lubricated, and in order to do this it was necessary at times for him to walk by the

side of the tractor when it was in motion, applying the oil to its parts as required. On the day before the accident the plaintiff noticed that certain oil nipples through which it was his duty to lubricate the machine had become loose and defective, and informed the engineer in charge of this fact and that by reason thereof they were failing to supply the machine with oil. The plaintiff was told by the engineer "that he would fix them as soon as he could get around to it, it might be a day or so, and to go ahead and do the best he could." It appears to have been essential that these oil nipples should be kept in place and condition to constantly feed oil to the working parts of the moving machine. On the following day, while the tractor was in action hauling grain from Buttonwillow, the oil nipples again got out of place and order, and the plaintiff, noticing that they were out of place and so clogged as not to be feeding their oil to the moving tractor, undertook to clean them temporarily so that they would function, and to do this while he was walking alongside of the moving machine. In order to clean these nipples he had to reach in a foot or so among the moving parts of the machine, and was in the act of doing this, holding the nipple with his right hand and the wire with which he was trying to open it up with his left, when his jumper sleeve was caught by a moving key and his hand dragged in between moving parts of the machine and injured as alleged in the complaint. The engineer knew that the plaintiff was accustomed to oil the machine walking along beside it while it was in motion, but is not shown to have known that the plaintiff was doing or attempting to do the particular acts which caused his injuries.

The first contention on the part of the appellant is that the plaintiff upon his own case has shown himself to have been guilty of such gross negligence that as a matter of law he was not entitled to recover, notwithstanding the provisions of the Roseberry Act. We cannot give our concurrence to this contention. It was the duty of the plaintiff to see to it that the working parts of this ponderous and somewhat intricate machine were kept at all times, while it was in action, properly supplied with oil. It is sufficiently shown that it was customary, if not compulsory, that this duty should be done while the oiler was walking alongside of the

machine and while it was in motion. He had become aware
of the defective oil nipples which, when they got out of
position and became clogged with dust, prevented the oil
from being properly fed to the moving parts of the machine.
He had called the attention of his superior to these defects
and was directed by him "to go ahead and do the best he
could." He was endeavoring to obey that direction when
his injuries occurred. Conceding that it may have been an
act of negligence on his part to have inserted his hands
among the moving parts of the machinery in the manner
he did, still in view of his past experience, or rather want
of experience, in respect to intricate machinery, and in view
of his particular duties and the usual manner of their per-
formance, and in view of the direction of his superior "to
go ahead and do the best he could," we think the question
of the degree of the plaintiff's negligence, if any, was a
question of fact for the jury. This view is fully supported
by the following authorities: *Anderson* v. *Seropian,* 147 Cal.
201, [81 Pac. 521]; *Lonnergan* v. *Stansbury,* 164 Cal. 488,
[129 Pac. 770]; *Diehl* v. *Swett etc. Co.,* 14 Cal App. 495,
[112 Pac. 561]; *Great Northern R. Co.* v. *McDermid,* 177
Fed. 105, [100 C. C. A. 525].

A like observation applies to the second contention of the
appellant to the effect that the plaintiff had not made out a
case of negligence which as a matter of law entitled him to
go to the jury. The machine was admittedly defective in
the parts with which the plaintiff was immediately dealing
at the time of his injuries. Whether the defect was one
which the defendant through its engineer in charge of its
operation should have discovered in the exercise of reason-
able care even before the latter's attention was called to it
by the plaintiff, and should have remedied before intrusting
the plaintiff with duties which required him to deal directly
with the defective parts of the machine, and whether after
the plaintiff had informed the engineer of the defect it was
or was not the duty of the latter to have cured it before
again taking the tractor out upon the road, and whether
or not his direction to the plaintiff "to go ahead and do the
best he could," did not amount to an assumption on behalf
of his principal of full responsibility for the further use
of a defective appliance, are essentially questions of fact

which the trial court correctly determined should be passed upon by the jury, in denying the defendant's motion for a nonsuit.

The appellant urges that the complaint fails to state a cause of action in that while it alleges negligence on the part of the appellant's engineer and codefendant in respect to the failure of the latter to repair and keep in repair the tractor, it does not directly aver that the appellant was negligent in these respects. While the complaint is not a model of pleading, it does inferentially and by way of recital aver that the appellant's negligence caused the plaintiff's injuries, and we think does this sufficiently to escape a general demurrer; and as to the defendant's special demurrer, it does not direct attention to this specific defect.

The next contention of the appellant is that the court committed certain errors in admitting over the defendant's objection the answers to certain interrogatories contained in the deposition of its codefendant Livingston. This deposition was taken at the instance of the plaintiff and the interrogatories in question occurred therein in the cross-examination of the deponent by counsel for appellant. Upon the trial the plaintiff read in evidence the direct interrogatories and their answers contained in said deposition. The defendant and appellant herein then announced that it would not introduce its cross-examination; thereupon the plaintiff, over the objection of said defendant, read in evidence the cross-interrogatories and answers contained in said cross-examination. Among these latter interrogatories was one to which the defendant urged the specific objection that the question called for the conclusion of the witness, and this being overruled and the answer read, moved to strike out such answer, which motion was denied. The rulings of the court in both respects are now assigned as error. Conceding for the sake of argument that the question and answer were improper and the rulings of the court thereon error, it must be admitted that these were errors into which both the plaintiff and the court had been led by the form of the interrogatory which the appellant itself had propounded. This being so, it should be made very clear that the errors were so gravely prejudicial as to have materially affected the verdict, but no such degree of prejudice appears. The matter involved in the question was one which the

jury itself could have determined as well as the witness with all of the physical facts of the case before it, and which doubtless it did determine from such facts regardless of the conclusion of the particular witness. We think, therefore, that the error, if any, was not sufficiently prejudicial to justify a reversal of the case.

As to the appellant's criticisms of certain of the instructions of the court, neither argument nor authority are offered in their support, but upon an examination of the record we are satisfied that the jury was fairly and fully instructed as to the law of the case.

Judgment and order affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.