## MOORE v. PRICE.

### Opinion delivered November 27, 1911.

1. JUDGMENT—VACATING FOR WANT OF SERVICE.—Where a sheriff made a false return of service, and a decree was had on such return, reciting service, the record and return may be impeached on a petition to set aside the decree for want of service and notice. (Page 145).

2. SAME—RELIEF IN EQUITY.—One who is aggrieved by a judgment rendered in his absence must show, not only that he was not summoned, but also that he did not know of the proceeding in time to make a defense, in order to get relief in equity. (Page 145.)

3. SAME—MOTION TO VACATE DECREE—EVIDENCE.—On a petition to impeach a decree on the ground that defendant was never served with process, the mere fact that defendant was informed that certain property owned by him was the subject of litigation between others is not such notice as to prevent him from suing to set aside the decree. (Page 145.)

4. SAME—EFFECT OF CONFIRMATION OF SALE.—Where the trial court, after a motion to set aside a decree had been filed, confirmed a sale without disposing of the motion, it was still within the power of the court to act upon the motion to set aside the decree. (Page 146.)

5. APPEAL AND ERROR—RIGHT TO RELIEF.—Where only one of two defendants appealed, the judgment is final as to the party not appealing. (Page 146.)

Appeal from Crittenden Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*D. W. DeHaven,* of Memphis, for appellant.

1. A judgment or decree rendered against one who has not been properly served with process, and who has not entered an appearance, is void. 95 U. S. 714.

To hold, as the trial court did in this case, that the casual street . communication in Memphis, a foreign jurisdiction, wherein, it is alleged, one Southall told appellant of the pendency of the suit, was sufficient notice to give the court jurisdiction of the person, and to render a personal judgment against appellant, would be to give to that character of notice greater effect and force than the law gives to constructive service by regular publication under the statute; for it is well settled that constructive service, without appearance, will not support a personal judgment against the defendant. 42 Ark. 268; 23 Cyc. 687, and cases cited; 173 U. S. 203; 8 Cyc. 1096; 147 Fed. 419; 12 Cur. Law 1421; 3 S. W. 782; 31 Pac. 941; 95 U. S. 714; 173 U. S. 203; 3 Ark. 532; 3 Peters, 312; 23 Cyc. 685; 93 U. S. 274; 51 So. 122; 106 Va. 304; 32 Cyc. 462. The decree and the taking of appellant's mill thereunder was without due process of law, the essential elements of which are notice and an opportunity to defend, and consequently in violation of the Fourteenth Amendment, § 1. 182 U. S. 436.

2. There was no appearance by appellant in the Waterman suit. His action in filing his petition setting up the nonservice of process, etc., and attacking the validity of a void decree rendered at a former term of the court, was not such an appearance as would give validity to that decree. 1 Ark. 268; 59 Ark. 583; 39 Ark. 348; 44 So. 184; 138 Ill. App. 418; 112 N. Y. S. 89; 64 S. E. 933; 173 U. S. 203.

McCulloch, C. J. This is an appeal from a decree of the chancery court of Crittenden County, Arkansas, rendered at the February term, 1911, refusing to set aside a decree of said court rendered against appellant at a former term in favor of appellee. In June, 1906, appellees instituted the original action against appellant and one John Rolly, alleging, in substance, that a copartnership existed between appellees and Rolly under the firm name of Edmonson Investment Company, engaged in the operation of a saw mill at Edmonson, Crittenden County, Arkansas; that said copartnership owned a saw mill, which was leased to Rolly upon certain terms, and that Rolly subsequently, without the knowledge or consent of appellees, sublet the mill to appellant Moore, who had since operated the same. The prayer of the complaint was that the partnership be dissolved and an account stated between the parties, and that appellees recover of Rolly and appellant a fair rental for the mill. Summons was duly issued, and was by the sheriff of the county returned as having been served on both Rolly and appellant. This was a mistake, as it is now clearly established that appellant was not served. Rolly filed a separate answer, tendering an issue upon the allegations of the complaint, and upon final hearing of the cause, at the September term, 1908, the court rendered a decree in favor of appellees against both the defendants in that action for the recovery of the sum of $750, as rental for the mill, and also decreeing a dissolution of the partnership and a sale of the mill property. The property was sold by a commissioner of the court, and bid in by appellees, and at the next term appellant filed his petition to set aside the decree on the ground that he had not been served with process, and had a meritorious defense, which was set forth in the petition. The court made an order at that term confirming the sale of the mill property, but did not pass on appellant's motion. At the next term of the court, which was

the February term, 1909, the present petition was filed, setting forth with more particularity the merits of appellant's defense to the original action, and also the fact that he had not been served with process. This was heard by the court upon depositions of witnesses and the record of the former proceeding, with the result as announced in the outset of this statement. The court based its decree denying the prayer to vacate the former decree on the ground that the testimony showed that appellant had notice, before the decree, of the pendency of the action against him, and also that he was concluded by the decree of confirmation of the sale of the property in litigation after he had made himself a party to the suit by filing a petition to set aside the decree.

The record in the case, both by the return of the officer and the recitals of the decree, shows that appellant was duly served with summons to appear in the action, and the record must be taken to import absolute verity. It can only be impeached for fraud in procuring the decree or by showing that it was rendered without the service of summons upon or notice to the losing party. "The consideration of public policy," said Chief Justice COCKRILL in *State* v. *Hill*, 50 Ark. 458, "which requires that a record shall be taken as bearing incontrovertible truth upon its face, yields to the equitable principle that one who is guilty of no laches shall not be held to pay the penalty of another's fraud or mistake if he takes prompt and proper steps to be relieved from the danger of impending injury." The learned judge, in stating the further principle in the same case, said: "One who is aggrieved by a judgment rendered in his absence must show, not only that he was not summoned, but also that he did not know of the proceeding in time to make a defense, in order to get relief in equity."

The evidence in the present case does not, however, establish the fact that appellant knew of the pendency of the proceeding against him before the decree was rendered. The only testimony tending to show that he had any notice of the proceedings was that of Mr. Southall, an attorney at law, who represented Rolly in the litigation. Mr. Southall states that, during the pendency of the case, he met appellant on the street in Memphis, Tennessee, where the latter resided, and had a conversation with him concerning the case, in which

conversation appellant insisted that he was not interested in the case, as the machinery he claimed was not a part of the old mill, which was the subject-matter of the litigation. Mr. Southall does not state that he informed appellant that the latter was named as a party to the suit, or that the record showed that he had been served with process. The most that can be got out of the testimony is that the witness informed appellant that the saw mill at Edmonson was the subject of the litigation. Now, it would be carrying the doctrine too far to say that appellant is concluded by the judgment because he knew of the pendency of an action between other parties in which title to his property was attempted to be litigated. He was not called upon to appear in the action for any purpose unless he was informed that he had been made a party to the action, and that a decree against him was sought. Under those circumstances, he should appear at least for the purpose of moving to quash the service, and he could not absent himself and afterwards ask the court to set aside the decree. This is especially true in the present case, for the reason that there was machinery connected with the mill which was not claimed by appellant, and which he could reasonably have assumed was the subject-matter of the controversy between appellees and Rolly.

The order of confirmation did not dispose of appellant's motion to set aside the decree, which was left pending. The record does not disclose any action of the court upon this motion, but at the next term of the court the present petition was filed. The only effect of the order of confirmation was to ratify and confirm the sale of the property; and, as all the parties were still before the court, it was within the power of the court to act upon the petition to set aside the decree.

We are therefore of the opinion that the chancellor erred in holding that appellant was bound by the decree on account of having had notice of the pendency of the action or on account of the confirmation after the filing of the petition to set aside the decree.

Rolly has not appealed, and therefore the decree must stand as to him. The evidence establishes the fact that appellant entered into an agreement with Rolly, who was in possession of the mill, situated on a piece of ground at Edmon-

son owned by the Edmonson Home Investment Company, whereby he agreed to put in a new mill, except the engine, and operate the same in cutting his own (appellant's) timber and to give Rolly credit, at a certain price based on the amount of timber sawed, on the cost of the new mill. The evidence further shows that appellant put in a new mill at a cost of about $3,800, and that, after giving the proper credits for the amount of lumber sawed, there is a balance due appellant of $1,600. Appellees lived in Edmonson, and must have known that appellant was putting in a new mill, and it does not appear that they made any objection thereto. They do not own the machinery claimed by appellant which constituted the new mill, and could not under those circumstances object to appellant removing his machinery in the event he was not reimbursed for the cost of the same in accordance with the contract with Rolly.

The decree is reversed, and the cause remanded, with directions to enter a decree setting aside the former decree and ordering restitution by appellees of the machinery claimed by appellant, together with damages for detention since appellees went into possession of same, or, if the property can not now be restored, for the value of same at the time it went into the possession of appellees. Appellees should, however, be accorded the privilege of redeeming the property by paying the balance of $1,600 due by Rolly.