KIMBROUGH v. JOHNSON.

Opinion delivered October 27, 1930.

*R. W. Huie, Jr.*, and *J. H. Lookadoo*, for appellant.
*McElhannon & Callaway*, for appellee.

HUMPHREYS, J. Appellant brought this suit against appellee in the circuit court of Clark County to recover damages in the sum of $5,000 for injuries which he received by falling in a hole alleged to have been excavated and negligently left open by appellee's employees when they removed a gasoline tank appellee had theretofore installed by burying same in the street in front of appellee's store in Hollywood.

Appellee filed an answer denying that his employees negligently left the hole open; and a cross-complaint alleging that appellant was indebted to him in the sum of $99.54 with six per cent. interest from the 20th day of September, 1928, and prayed that appellant's complaint be dismissed and that he have judgment against him for his debt with six per cent. interest from said date.

The cause was submitted to a jury upon the pleadings, testimony and instructions of the court, resulting in a judgment in favor of appellee on his cross-complaint for $110.50 and in favor of appellant for $114.04 in his action for damages, from which is this appeal.

About the only disputed issues of fact reflected by the record are whether appellee's employees protected the hole they dug in the ground in excavating the tank by covering same, and whether appellant was indebted to appellee in any sum for gasoline. The evidence is in conflict upon these two issues.

The undisputed evidence in the record reflects that appellee installed a tank of 550 gallons capacity by burying same in the ground in front of appellant's store in order that he might sell his products to appellant, who agreed to buy his products and operate the tank. Several months thereafter appellant went out of business and the store was occupied by his son and family as a residence. About a year subsequent thereto appellee, without the knowledge of appellant, in his absence from town, sent his employees out one morning and dug up the tank. Appellant came back after dark, and he and his family had started over to a neighbor's house, and as he turned the corner, it being night and dark, he stepped into the hole and was injured.

Appellant's first contention for a reversal of the judgment is that the court erroneously amended instruction number one requested by him by adding thereto the following words: "If you believe from the evidence it was the duty of the defendant to fill the hole," and in giving the instruction as amended over his objections. Appellant argues that there was no evidence in the record tending to show that it was his duty to fill the hole when the tank was excavated, and that the jury should have been told as a matter of law that it was appellee's duty to do so. We do not think, under appellee's own testimony, that this issue should have been submitted to the jury. Appellee admitted that his employees excavated the tank and does not state that when it was installed appellant assisted in doing so, or that he agreed to assist him in any way when he excavated and removed the tank. Appellee did not testify that there was any agreement or contract on the part of appellant to fill the hole after

he (appellee) removed the tank. Of course, the jury found in favor of appellant, and awarded him damages in the sum of $114.04 for the injury received when he fell in the hole, but it cannot be said that his cause was not prejudiced by the submission of the issue to the jury of whose duty it was to fill the hole. If the court had instructed the jury that it was appellee's duty under the law to fill the hole, a greater amount might have been awarded appellant for his injuries. Under the evidence in the case the court should have refused to amend the instruction.

Appellant's next contention for a reversal of the judgment is that the court erred in refusing to give his requested instruction number 5. This instruction follows § 375 of Crawford & Moses' Digest, which states, in substance, that every person who shall dig an opening on any unenclosed land shall be required to securely enclose same, or cover same and keep same covered with strong and sufficient covering. This section was to protect animals running at large on enclosed land and not for protection of persons. The court correctly refused to give appellant's requested instruction number 5.

Appellant's next contention for a reversal of the judgment is that the court erred in giving instruction number 3 requested by appellee, which is as follows: "3. You are instructed that contributory negligence is a good and valid defense, and if any is shown by the evidence to exist, however slight, which contributed to the accident, the plaintiff cannot recover." The instruction was abstract, and should not have been given. There is no evidence in the record tending to show that appellant was guilty of contributory negligence, although pleaded.

Appellant's next contention for a reversal of the judgment is that the jury erred in figuring interest at eight per cent. on appellee's account against appellant for gasoline instead of six per cent., and from May 9, 1928, instead of from September 20, 1928, as prayed for in appellee's complaint.

As the cause must be reversed, and as these alleged errors will likely be corrected on a retrial of the cause, we deem it unnecessary to discuss them.

On account of the errors indicated the judgment is reversed, and the cause is remanded for a new trial.

McHANEY, J. I dissent from the judgment of reversal on the ground that the instructions complained of, even though erroneous, were not prejudicial, for the reason that appellant recovered a judgment. Since the jury found a verdict in his favor, he is in no position to complain of the instructions, as the jury necessarily found that it was not his duty to fill the hole and that he was not guilty of contributory negligence. Mr. Justice KIRBY joins me in this dissent. We think the judgment should be affirmed.