POWERS *v.* WOOD PARTS CORPORATION.

Opinion delivered December 21, 1931.

*A. M. Coates,* for appellant.

*W. G. Dinning,* for appellee.

KIRBY, J. This appeal is prosecuted from a judgment for damages for an alleged breach of contract to accept delivery of certain lumber ordered by appellee.

Appellant's brief recites: ''The appellant by this appeal wishes to present only one question for determination by the court, that the judgment of the lower court should be here modified by awarding to the appellant the

full amount of damages proved to the extent of $8,763.47, instead of $1,904, as found by the jury."

The appellee did not deny the execution of the four orders for the magnolia lumber to be used in automobile building, but defended the action upon the ground that they were open orders, the shipping dates being left blank, giving it the right to cancel the orders by custom and usage of trade, provided they did not need the lumber themselves.

Appellant introduced copies of its letters of acceptance of the orders, in each of which the kind of lumber with the prices was stated, the terms, etc., and: "We have entered this order for shipment exactly as per above, shipments to be made as promptly as stock had been on rack for fifteen days or more. If this is not satisfactory, or should you wish to give us any other routing or shipping instructions, do not fail to wire us. Not hearing from you by wire, we will understand that the order as entered above meets with your entire approval, and will proceed to make shipment accordingly."

Testimony on the part of appellant conduced to show that they set about the manufacture of the lumber in accordance with the orders for supplying the amount desired; that they shipped only a certain amount of lumber because they could not get releases for any more shipments from the appellee company, and the amount of lumber remaining on hands in October, 1928, when appellee attempted by letter to cancel the orders. They declined to do this at the time, writing appellee that they had a large amount of lumber on hands, but did not have "releases" thereon. They requested appellee, upon receipt of the letter, to wire advice, whether they would send releases for shipments during December and also January.

Appellee company finally wrote that they had canceled the orders of a certain date, claiming they had the right to do so. The testimony shows that appellant was constantly trying to get releases from appellee company for shipment of the lumber; also the amount of lumber

claimed to be on hands after appellee company notified appellants that it had canceled the orders, and the damages resulting from the refusal of the appellee company to accept and pay for the lumber in accordance with the orders.

Appellee, in informing that the orders had been canceled, also stated that, if the lumber had not been stacked flat, it would be worthless for any purpose at the time of the cancellation of the orders. It also showed that there was very little lumber of the kind appellant claimed to have manufactured for the purpose of filling the orders on hand when the receiver took charge of appellant company, nothing like the amount for which appellant was claiming damages. The evidence also tended to show the difference between the market price of the lumber, claimed to have been manufactured under the orders at the time of their cancellation by appellee company, and the price agreed to be paid by appellee in the orders. Appellee denied any liability, claimed the orders were conditioned upon their releasing them for shipment, and that they had the right, according to custom of trade, to cancel them, being open orders without any date of shipment being specified therein or any release given for shipment.

The testimony was in conflict as to the amount of the damages resulting from the cancellation of the orders, that upon the part of appellant conducing to show the amount of the damages was $8,763.47, instead of $1,904, as the jury found.

The law requires, when a trial by jury has been had, that the judgment must be entered in conformity with the verdict, unless it is special and the court orders the case to be reserved for further consideration, and also that judgment can be entered notwithstanding the verdict, only where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor. Sections 6271, 6273, Crawford & Moses' Digest.

The appellant was not entitled to a judgment under the pleadings, which denied any liability, nor under the undisputed proof, and the verdict and judgment was for

a very substantial amount, there being no refusal to render judgment for more than a nominal sum. It may be true that the verdict is not consistent with either theory of the case, but this furnishes no ground for reversal of it, where it is supported by substantial testimony. *Fulbright* v. *Phipps*, 176 Ark. 356, 3 S. W. (2d) 49; *Moore* v. *Rogers Wholesale Grocery Co.*, 177 Ark. 993, 8 S. W. (2d) 457.

The trial court might have granted a new trial if it had regarded the verdict contrary to the preponderance of the testimony, but its failure to do so furnishes no ground for the entry of a judgment for the amount of damages claimed, notwithstanding the verdict of the jury for a smaller amount.

We find no error in the record, and the judgment is affirmed.