LOFTIN *v.* KING.

Opinion delivered March 21, 1932.

*D. H. Howell,* for appellant.

*J. P. Clayton* and *J. B. Perrymore,* for appellee.

KIRBY, J, (after stating the facts). Appellant insists that the court erred in not instructing the verdict in his favor, the note attempted to be used as an offset having

424

been purchased by appellee after the beginning of the suit as shown by the indorsement thereon.

Under the statute "bonds, bills, notes or other writings assigned to the defendant after suit has been commenced against him and the writ served" are not allowed to be set-off against the demands of the plaintiff. Section 1199, Crawford & Moses' Digest.

The testimony shows that appellee's father begun trying to find and purchase a note of appellant's immediately after his son, who lived in Detroit, wrote him that he was about to be sued by appellant upon a note he had given him. That he approached Battles and bought the note in April before the suit was brought, agreeing to pay 33 1/3 per cent. of the face value thereof, provided the note was not "outlawed" as he expressed it, and that he later found it was not barred by the statute of limitations. After some investigation he feared it might be barred and went to a holder of one of appellant's other notes to see about making a purchase of him, telling him that he had already bought one note but feared it might be outlawed. He ascertained some time before the trial of the case that the note was not barred by the statute of limitations and went to Battles, from whom he had purchased it sometime before, and told him it would be necessary for him to indorse it, and the indorsement was made at that time, rather than at the time of the sale thereof. Other testimony was also introduced explaining the indorsement of the note.

The jury was properly instructed as to the law and found a verdict against appellant. No error was committed in allowing the explanation made of the date of the indorsement on the note, the title to same having been acquired on the date of its sale and delivery to appellee's agent upon condition that it was not barred by the statute of limitations. The sale was to be effective at the date of delivery of the note, and the title passed then, since in fact the note was not barred by the statute of limitations as was later discovered to be the case, and

the purchaser was entitled to have assignment made as of the date of sale and delivery of the note and it necessarily related back to that time.

There was substantial testimony sufficient to support the verdict of the jury returned under correct instructions from the court as to the law of the case, and the verdict is conclusive. We find no error in the record, and the judgment is affirmed.