HARVELL *v.* MATTHEWS.

4-3435

Opinion delivered June 4, 1934.

*O. H. Sumpter*, for appellants.

*James R. Campbell* and *Murphy & Wood,* for appellees.

MEHAFFY, J. The appellees brought suit in the Garland Circuit Court against appellants, alleging that they were the owners of the property described in the complaint, and that on July 19, 1932, the Arkansas Trust Company, one of the appellees, rented said real estate to the appellants at a rental price of $40 per month, payable monthly in advance; that the appellants agreed on said date to lease the property and to pay $40 a month rent.

The appellants filed a demurrer, which was overruled, and then filed answer denying all the material allegations in the complaint, and alleged that the Arkansas Trust Company was never at any time in the actual and peaceable or exclusive possession of the property described in the complaint, nor any part of said property; and appellants specifically deny that the other appellees were at any time in the actual, peaceable or exclusive possession of said property. They deny that they are indebted to appellees, Matthews, in any sum. They specifically deny that the relation of landlord and tenant has

ever existed between appellees or either of them, and appellants or either of them. They allege that they are the owners of the property described and every part of it, and that they have had more than three years uninterrupted possession of the same and every part of the property, immediately preceding the filing of the complaint.

The undisputed evidence shows that the appellants were indebted to the Arkansas Trust Company in the sum of $3,500, and that the property here involved was mortgaged to the Arkansas Trust Company to secure the payment of this debt. The debt was past due, and the officers of the bank told appellants they would have to do something about collecting the debt. Finally appellants were told that proceedings to foreclose would be begun. A decree of foreclosure was entered, the property sold under said decree, the Arkansas Trust Company became the purchaser, and a commissioner's deed was made to it. The appellants contend, however, that the officers of the bank agreed to take care of appellants and look after their interests, and that for that reason this suit cannot be maintained, because they say that the bank bought the property at the foreclosure sale for the benefit of the appellants.

There is no claim that there was any fraud practiced in obtaining the decree; in fact, the undisputed proof shows that appellants were notified when the decree was entered, and were notified when the bank obtained the Commissioner's deed.

If there were any agreements or promises made with reference to the foreclosure suit that would in any way affect the foreclosure suit or the deed, this would have to be corrected in the chancery court. As we have already said, there is no claim that any fraud was practiced.

At the time of the foreclosure and sale of the property, the debt, with interest, was more than $4,300. The evidence on the part of the appellees is to the effect that after the bank had received the deed, it made an agreement with the appellants, by which it rented to appellants the property described, for the sum of $40 per

month, payable in advance, and that appellants agreed to pay this amount of rent.

Appellants' testimony on this issue is to the effect that they did not rent the property, but that they agreed to pay $40 a month interest, and intended to pay the entire debt. However, there never was but one payment made, and it was about $42.

The sole question therefore for our determination is, whether the relation of landlord and tenant existed, and this was a question of fact.

The appellants contend that the court erred in permitting the appellees to introduce in evidence the Commissioner's deed, and quoted: "Title not being involved in the action of forcible entry and detainer, it is the general rule that no evidence can be introduced pertaining to title."

The above quotation is from Encyclopedia of Evidence, vol. 5, 782, and as supporting the text, several Arkansas cases are cited.

Section 4857 of Crawford & Moses' Digest is as follows: "In trials under the provisions of this act, the title to the premises in question shall not be adjudicated upon or given in evidence, except to show the right to the possession, and the extent thereof."

The only purpose therefore for which the Commissioner's deed could have been introduced, was to show the right to the possession and the extent thereof. It was, however, competent for this purpose. Appellants had owned this property for a long while, and appellees had foreclosed a mortgage and purchased the property at the foreclosure sale, and a Commissioner's deed was made. It was necessary in this case to introduce this deed to show the right of possession.

"While deeds cannot be introduced as evidence of title, they are sometimes admitted as proof of the right of possession." Encyc. of Evidence, vol. 5, 786.

The Commissioner's deed was not introduced for the purpose of showing title, but only for the purpose of showing the right to possession, and was proper for that purpose.

It is next contended by the appellants that the decision of the court is contrary to law because "the action of forcible entry and unlawful detainer can be sustained only by proof of an actual possession of the premises sued for, held by the plaintiff prior to the unlawful entry made by the defendant."

Of course, there would not have to be an unlawful entry. The statute provides that every person who shall willfully hold over any lands, tenements or possessions without right, or a person who may peaceably and lawfully obtain possession and hold same willfully and unlawfully, etc.

The appellants are correct in their contention that the relation of landlord and tenant must have existed, and on this question the evidence is in conflict. After the purchase of the property by appellees, the evidence on the part of the appellees shows that they entered into a contract with appellants, by which they rented the property to appellants, and that appellants agreed to pay the rent, and thereby became tenants of the appellees. On the other hand, it is contended that the appellants never did agree to rent or to become the tenants of appellees, but they agreed to pay $40 a month interest. This is really the sole question in the case.

A verdict supported by substantial evidence will not be set aside on appeal, as the Supreme Court does not pass on the credibility of witnesses or the weight of the testimony. *Home Sewing Machine Co.* v. *Westmoreland,* 183 Ark. 769, 38 S. W. (2d) 314; *Lofton* v. *King,* 185 Ark. 421, 47 S. W. (2d) 578; *Powers* v. *Wood Products Corp.,* 184 Ark. 1032, 44 S. W. (2d) 324; *Kansas City Fiber Box Co.* v. *F. Burkart Mfg. Co.,* 184 Ark. 704, 44 S. W. (2d) 325.

This case was by agreement, tried by the court sitting as a jury, and his finding is as conclusive as the finding of a jury. *American Ins. Co.* v. *Brannan,* 184 Ark. 978, 44 S. W. (2d) 346.

The court, in this case, after hearing the evidence, found that under the evidence the appellants were the tenants of appellees from month to month that they had

paid approximately one month's rent under the contract, and had defaulted in the payment of rent for one year. This finding of fact by the circuit court is conclusive on appeal, and the fact that the finding of a jury or a court sitting as a jury appears to be against the preponderance of the evidence does not authorize this court to reverse the judgment if there is any substantial evidence upon which to base it. These are matters within the province of the jury or the court sitting as a jury, and we are not authorized to pass on the credibility of the witnesses or the weight to be given to their testimony.

There was substantial evidence to support the finding of the court, and the judgment of the circuit court is affirmed.