SMITH *v.* ARKANSAS POWER & LIGHT COMPANY.

4-3955

Opinion delivered October 7, 1935.

*Pace & Davis* and *Buzbee, Harrison, Buzbee & Wright,* for appellant.

*House, Moses & Holmes* and *Eugene R. Warren,* for appellee.

SMITH, J. In September, 1930, appellant was employed by House-Bond Hardware Company, of Memphis, Tennessee, as a traveling salesman in this and other States. At the time mentioned, and while so employed, he drove in his automobile into the city of Pine Bluff during a hard rain. He drove over a wide and well-paved street, down the center of which ran a street car track over which appellee operated electrically-driven street cars. There is no dispute but that there was ample room on each side of the street car track for the easy and safe travel of automobiles. Appellant's automobile collided on this street with one of appellee's street cars. The track where the collision occurred was perfectly straight for several hundred feet, and there was nothing to prevent appellant from seeing the approaching street car, on which the headlight was burning, nor was there anything

to prevent the motorman on the street car from seeing appellant. Indeed, each admits seeing the other as they approached from opposite directions.

The suit for damages resulting from this collision, from which this appeal comes, was tried on appellant's behalf upon the theory that the wheels upon the left-hand side of his automobile became fastened in a rut between the street car track and the adjacent street pavement, and, while plaintiff was thus fastened, the street car ran into him and demolished his automobile and inflicted upon him injuries of a serious and permanent character. Instructions were given at plaintiff's request declaring the law of discovered peril. It was the theory of the defendant street car company that there was no case of discovered peril; that the plaintiff drove upon the street car tracks in such a manner that it was impossible for the motorman to stop the car in time to prevent the collision. The testimony is in irreconcilable conflict; but there was sufficient testimony to support either theory.

A suit was brought in the Clark Circuit Court in December, 1932, and, when the case was called for trial, the defendant street car company raised the point that the plaintiff had been paid some compensation for his injuries under the Workmen's Compensation Law of Tennessee (chapter 43, Code of Tennessee, 1932, §§ 6851 et seq.), and that the compensation thus paid under that act operates to assign the cause of action to plaintiff's employer to the extent of such payments. It was therefore prayed that the plaintiff's employer and the insurance company which had insured the employer against the liability as required by the compensation act be made parties. Section 6895 of the Tennessee act provides, in part, that: "Every employer under and affected by this chapter shall insure and keep insured his liability hereunder in some person or persons, association, organization, or corporation authorized to transact the business of workmen's compensation insurance in this State, * * *."

The Clark Circuit Court sustained the motion, whereupon the plaintiff took a nonsuit, and in December, 1933, commenced a new suit in the White Circuit Court. The complaint filed in this last case did not make the em-

ployer and its insurer parties. When the case was called for trial in the White Circuit Court the motion which had been filed and sustained in the Clark Circuit Court was renewed. The White Circuit Court sustained the motion and directed that the employer and its insurers be made parties. This proceeding was had before the trial of the case began. The plaintiff thereafter immediately filed interventions by both the employer and its insurer, disclaiming any pecuniary interest in the cause other than that existing by virtue of the Tennessee Workmen's Compensation Law. The intervention filed by the employer recites that: "It has heretofore authorized and does hereby authorize the plaintiff, Harold V. Smith, to prosecute, in so far as the interests of House-Bond Hardware Company may be involved, the above-styled suit in his own name, and it hereby adopts the complaint and the proceedings of the plaintiff, Harold V. Smith, in this cause, and, to the end that there may not be any apparent defect of parties, plaintiff in this cause does hereby ask leave of court to be named as a party plaintiff herein." The insurance company filed a similar pleading, but, before they were filed, plaintiff excepted to the ruling of the court requiring them to be made parties and to disclose their interest in the litigation. The acquiescence of the employer and the insurer to the prosecution of the suit had not been made to appear until these pleadings were filed.

The trial resulted in a verdict and judgment for the plaintiff for the sum of $5,000, from which the plaintiff has appealed, upon the ground that error in the trial of the cause resulted in the return of a verdict which the undisputed testimony shows to be grossly inadequate to compensate the damage which the undisputed evidence shows was sustained by the plaintiff.

The defendant resists the reversal of the judgment from which this appeal comes upon the ground that plaintiff recovered damages in a very substantial amount. It is insisted that a judgment for damages will only be reversed for inadequacy where nominal damages were awarded, and will not be reversed for inadequacy where substantial damages were awarded. The following cases

are cited and discussed by opposing counsel: *Dunbar* v. *Cowger*, 68 Ark. 444, 59 S. W. 951; *Carroll* v. *Texarkana Gas & Electric Co.*, 102 Ark. 137, 143 S. W. 586; *Bothe* v. *Morris*, 103 Ark. 370, 146 S. W. 1184; *Martin* v. *Kraemer*, 172 Ark. 397, 288 S. W. 903; *Krummen Motor. Bus & Taxi Co.* v. *Mechanics' Lumber Co.*, 175 Ark. 750, 300 S. W. 389; *Fulbright* v. *Phipps*, 176 Ark. 356, 3 S. W. (2d) 49; *Kimbrough* v. *Johnson*, 182 Ark. 522, 32 S. W. (2d) 154; *Powers* v. *Wood Parts Corporation*, 184 Ark. 1032, 44 S. W. (2d) 324.

In the case of *Fulbright* v. *Phipps, supra,* it was said: "We have held that where a jury found, under conflicting testimony, that a plaintiff was entitled to recover damages, and the undisputed testimony showed the damages were substantial, the judgment for nominal damages only was an error, to correct which this court would reverse the judgment. This is true, however, because a judgment for nominal damages is, in effect, a refusal to assess damages. [Citing cases.] Here the verdict and judgment was not for a nominal sum, but was for a very substantial amount, to-wit, the sum of $5,000. There was therefore no refusal to render judgment for more than a nominal amount."

In the case from which we have just quoted, the testimony was to the effect that the plaintiff was entitled to recover $10,000, if entitled to recover anything at all, but the jury returned a verdict for only one-half that amount. It was insisted that the verdict did not comport with either theory of the case and should be reversed for that reason. We recognized the fact, however, that verdicts of juries must necessarily result from a reconciliation of the views of individual jurors which are often conflicting, and, if the jury system is to be employed as a practical method of settling finally disputed questions of fact, appellate courts, in reviewing the verdicts, can only determine whether the testimony is legally sufficient to support the verdict returned. If the testimony is legally sufficient to support the verdict, it is unimportant that the verdict is not in harmony with either theory upon which the case was tried. We therefore affirmed the judgment in this Fulbright case, from which we have just

quoted, rendered upon the inconsistent verdict returned in that case, and in so doing said: "It is true that the verdict is not consistent, but this is not ground for us to reverse the judgment, as it is supported by very substantial and sufficient testimony."

The case of *Kimbrough* v. *Johnson, supra,* was one in which the plaintiff sued for $5,000 damages to compensate injuries sustained by falling into a hole which the defendant's employees were alleged to have negligently left open. There was a verdict and judgment for the plaintiff in the sum of $114.04, which the plaintiff asked us to reverse for its inadequacy. The trial court refused to charge the jury at the request of the plaintiff that it was the defendant's duty under the law to fill the hole. We there said that "If the court had instructed the jury that it was appellee's duty under the law to fill the hole, a greater amount might have been awarded appellant for his injuries." We reversed the judgment for the refusal of the court to declare the law in regard to defendant's neglect of duty. Two members of the court dissented from the judgment of reversal on the ground that the failure to properly instruct the jury was not prejudicial, for the reason that appellant had recovered a judgment for substantial damages.

The rule to be deduced from these cases appears to be this: When the undisputed evidence shows that plaintiff is entitled to recover substantial damages, a judgment will be reversed which awards only nominal damages, because a judgment for nominal damages is, in effect, a refusal to assess damages. When substantial damages are awarded, a judgment will not be reversed because of inadequacy, if there be no other error than that committed by the jury in measuring the damages. But a judgment even for substantial damages will be reversed where the undisputed testimony shows the damages to be inadequate, if error of a substantial and prejudicial nature was committed at the trial of the case. This is upon the theory, as was said in the Kimbrough case, *supra,* that but for such error damages might have been properly assessed.

Now, as has been said, the testimony is sharply conflicting as to whether the street car company is liable in any sum, and a verdict might have been returned in its favor upon the ground that its motorman was guilty of no negligence, and also upon the ground that the plaintiff's injury was the result of his own negligence. But, if liable at all, the undisputed testimony shows the verdict to be grossly inadequate. The plaintiff was unconscious for five weeks after his injury, and was confined in the hospital for over two years, and is even yet under treatment. His injuries, physical and mental, have totally disabled him. His hospital bill totaled $2,907.25. He was earning $3,000 a year in excess of his expenses, with reasonable prospects for promotion. Plaintiff's actual pecuniary loss was therefore much more than $5,000, without taking into account any compensation for the pain suffered.

Yet, notwithstanding these facts, we would not, under the authority of the cases above cited, reverse the judgment for its inadequacy of compensation if the record contained no prejudicial error except that of assessing the damages, inasmuch as substantial damages were awarded. But, if there was other error of a material and prejudicial nature, the judgment must be reversed, notwithstanding the award of substantial, and not nominal, damages. Was there such error?

Appellant insists that the action of the trial court in requiring his employer and the insurance company to be made parties was such an error. But it is unnecessary to decide that question, for the reason presently stated.

It is true, of course, as appellant insists, that, as he was injured in this State, his right to recover compensation for those injuries and the amount thereof must be determined by the laws of this State, uninfluenced by the compensation laws of the State in which plaintiff was employed. *Standard Pipe Line Co.* v. *Burnett,* 188 Ark. 491, 66 S. W. (2d) 637; *Standard Oil Co. of La.* v. *Richerson,* 188 Ark. 882, 67 S. W. (2d) 1003; *Logan* v. *Missouri Valley Bridge & Iron Co.,* 157 Ark. 528, 249 S. W. 21.

But it was shown by the plaintiff's own testimony that he had received benefits under § 6865 of the Workmen's Compensation Law of Tennessee, which reads as follows: "Whenever any injury for which compensation is payable under this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both; and, if compensation is awarded under this chapter, the employer, having paid the compensation or having become liable therefor, may collect, in his own name or in the name of the injured employee in a suit brought for the purpose, from the other person against whom legal liability for damages exists, the indemnity paid or payable to the injured employee."

Section 6895 of this act requires all employers affected by the provisions of the act to insure and keep insured his liability thereunder with some insurer authorized to transact the business of workmen's compensation insurance in that State.

Opposing counsel have cited and reviewed the Tennessee cases which have construed this statute, one of the most recent being that of *Keen* v. *Allison,* 166 Tenn. 218, 60 S. W. (2d) 158, where it was said: "This section of the Code has been considered in several cases, and it is well settled that an employee who receives workman's compensation for an accident contributed to or brought about by the negligence of the third party, upon collecting such compensation, loses his right, in his own behalf, to sue such third party for damages. This right of action against the third party passes to the employer by statutory subrogation. This is undoubtedly the rule when the employee collects compensation from his employer without reservation or exception of the right of action against the third party, or without waiver of the right of subrogation by the employer. (Citing cases.)"

But whether the effect of this statute is to make plaintiff's employer and the insurer either proper or

necessary parties need not now be determined, because the case of *Keen* v. *Allison, supra,* makes it clear that the employer may waive any right of subrogation or authority to sue which this act confers, and the employer has waived that right in this case and has been joined as a party plaintiff, as has the insurer also, in order that there may be no defect of parties. So that upon the remand of the cause this question will be unimportant, for the reason that the employer and the insurance company have passed out of the case by waiving any rights they may have acquired under the Workmen's Compensation Law by virtue of payments to plaintiff under the provisions of that act.

There was an error, however, for which the judgment must be reversed under the rule stated. As has been said, the plaintiff sought to recover upon the theory of discovered peril, and instructions were given at the plaintiff's request which declared the law applicable to that issue. But the instructions given at the request of defendant eliminated that issue. For instance, instruction 9 given at the defendant's request reads as follows: ''If you find that the plaintiff was guilty of negligence in attempting to drive upon the street car track in front of the street car approaching on said track and that his negligence brought about his injury or damage, then he cannot recover in this case, although you may find that the motorman on the street car failed to stop the car within time to avoid the collision.''

Instruction numbered 16 given at defendant's request also eliminated that issue. It reads as follows: ''The court instructs the jury that the plaintiff cannot recover if the collision was caused by the negligence of the plaintiff himself. The court further instructs you that if you find that the plaintiff was in any manner at fault or that the plaintiff committed any act which was a contributing cause to the accident, then the plaintiff cannot recover. In other words, the court tells you that, if this accident was caused by any negligent act of the plaintiff, he cannot recover, or if the accident was caused by the combined negligence of the plaintiff and the motorman, then plaintiff cannot recover.''

It was error to thus eliminate the question of discovered peril, as there was sufficient testimony to warrant the submission of that issue, and but for this error the jury might more adequately have compensated the damage if there was liability therefor.

For the error of withdrawing the question of discovered peril, as was done in instructions 9 and 16, the judgment must be reversed, and it is so ordered, and the cause will be remanded for a new trial.