WADSWORTH *v.* GATHRIGHT.

5-1941                                                    330 S. W. 2d 94

Opinion delivered November 23, 1959.

[Rehearing denied January 11, 1960]

*Wm. I. Prewett* and *Melvin E. Mayfield,* for appellant.

*Shaver, Tackett & Jones,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal and cross appeal stem from a traffic mishap which occurred when an automobile driven by appellee, J. Frank Gathright, struck and seriously injured E. K. (Ken) Maroney, Jr., a little boy two-and-a-half years of age.

As Mr. Gathright and his wife were driving westerly down the highway in Strong, Arkansas, Sunday afternoon, September 1, 1956, they observed a little girl, five years of age, crossing the highway in front of the car. She was going from north to south, riding a tricycle, and several puppies were running along near her. The Gathrights, driving slowly and watching the little girl, did not see her 2½-year-old brother on a "stick-horse"[1] following along behind her and the puppies. The left front bumper of the Gathright car struck the little boy, Ken Maroney, and knocked him to the pavement. Among other injuries, Ken had a fractured shaft of the left femur in the upper or middle third, and this fracture caused great pain, required extensive treatment and surgery, and probably will result in permanent injury.

---

[1] This word is not in Webster's dictionary; but, at all events, it is an extremely well known colloquialism. What little boy hasn't gone astride a stick and imagined he was on a horse!

Action for damages was filed against Gathright by E. K. Maroney individually, being the father of Ken Maroney, and by Harry Wadsworth, as guardian of Ken Maroney. E. K. Maroney sued to recover amounts expended and to be expended for doctors, hospital, nursing, ambulance, and other medical expenses in the treatment of his son; and Wadsworth, as guardian of Ken Maroney, sued to recover for physical pain and suffering experienced by the little boy and for damages for permanent injuries. Trial in the Union Circuit Court resulted in verdict and judgment (1) for $1,250.00 in favor of E. K. Maroney, Sr., father of the little boy; and (2) for $1,000.00 in favor of Wadsworth, guardian of the minor, Ken Maroney. On the direct appeal in this case the guardian for the minor is the sole appellant; and he presents the three points herein listed and discussed.

I. *The guardian says: "The judgment returned in behalf of Harry Wadsworth, guardian of E. K. Maroney, Jr., was grossly inadequate under the law and the evidence".* Appellant points out that the little boy, being of such a tender age, could not be guilty of contributory negligence;[2] that the jury necessarily found that Mr. Gathright was negligent; and that after such finding the $1,000.00 verdict was grossly inadequate. We are asked to conditionally reverse the judgment because of the inadequate verdict, just as we would do in the case of an excessive verdict. In some jurisdictions[3] reversal because of an inadequate verdict is ordered independent of any other error. But, with becoming candor, appellant concedes that in Arkansas our cases hold, that reversal because of an inadequate verdict is ordered only when some other error occurs in the trial.

In *Smith* v. *Ark. P. & L. Co.*, 191 Ark. 389, 86 S. W. 2d 411, we discussed this matter in considerable detail and cited, *inter alia, Fulbright* v. *Phipps*, 176 Ark. 356,

---

[2] The Court so charged the jury in Instruction No. 2; and this is in accord with our cases. *Miles* v. *St. L. I. M. & S. Ry. Co.*, 90 Ark. 485, 119 S.W. 837.

[3] There is an exhaustive annotation on this point in 16 A.L.R. 2d 393, entitled: "Adequacy of damages in action by person injured for personal injuries not resulting in death"; and it is there pointed out that many courts reverse on account of inadequate damages, just as they do on account of excessive damages.

3 S. W. 2d 49; and *Kimbrough* v. *Johnson,* 182 Ark. 522, 32 S. W. 2d 154; and then said: "When substantial damages are awarded, a judgment will not be reversed because of inadequacy if there be no other error than that committed by the jury in measuring the damages. But a judgment, even for substantial damages, will be reversed were the undisputed testimony shows the damages to be inadequate, if error of a substantial and prejudicial nature was committed at the trial of the case." We adhere to the rule as quoted above. The amount awarded the guardian in the case at bar was $1,000.00, which constitutes substantial damages: therefore, we will not consider the matter of inadequacy of damages until and unless we find some substantial and prejudicial error committed in the trial of the case.

II. *The guardian says: "The Court erred in refusing to permit the taking of pictures of appellee's automobile and in refusing to permit Glen Thompson to testify as to the distances from which E. K. Maroney, Jr., could be seen from said automobile".* Mr. Gathright was driving a 1956 Chevrolet car at the time of the mishap on September 1, 1956. The action was filed August 27, 1957, and the discovery deposition of the defendant was taken on October 1, 1957. Later, on October 23, 1957, appellant filed a motion that the Court require the defendant to permit the taking of pictures. The motion said: "It would be of great benefit to the jury in considering the defendant's range of vision if photographs could be taken of the vehicle at the scene, with a camera both in and out of the vehicle". The Court overruled the said motion and appellant claims error, citing § 28-356 Ark. Stats., which is a part of the Statute Concerning Discovery.

The germane portion of this Statute reads: "Upon motion of any party showing good cause therefor . . . . the court in which an action is pending *may* . . ." (Emphasis supplied). It will be observed that the court is not required to allow the taking of pictures, but *may* do so. In the case at bar the ruling of the Court was not prejudicial in any way to the guardian because at

the trial of the case the testimony, along with other pictures admitted, clearly explained the entire situation existing at the time of the mishap. We have repeatedly held that the admission, relevancy, and materiality of photographs as evidence is left to the discretion of the trial judge, and unless that discretion has been abused his ruling will not be disturbed. *Kansas City Southern Ry. Co.* v. *Morris*, 80 Ark. 528, 98 S. W. 363; *Lee* v. *Crittenden County*, 216 Ark. 480, 226 S. W. 2d 79; *McGeorge Contracting Co.* v. *Mizell*, 216 Ark. 509, 226 S. W. 2d 566.

Further, appellant says that when the case came for trial the Court refused to permit appellant to ask its witness, Glen Thompson, as to the distances from which Ken Maroney could have been seen from an automobile driven by Thompson and similar to the Gathright car. Irrespective of all other answers to this contention, we hold that no harm occurred to appellant in the Court's ruling. The entire purpose and object of the desired testimony from Thompson was to show that Gathright was guilty of negligence. The jury verdict of $1,000.00 necessarily reached such conclusion: so we fail to see how any evidence as to vision or distance could have adversely affected the appellant.

III. *The Guardian says:* "*The Court erred in giving defendant's requested Instruction 5 and 6.*" These two instructions are copied in full in the footnote[4], with

---

[4] DEFENDANT'S REQUESTED INSTRUCTION NO. 5: You are instructed that the mere happening of the accident complained of raises no presumption of negligence on the part of the defendant, and that the burden of proof is on the plaintiff to establish by a preponderance of the evidence that negligence on the part of the defendant *contributed directly to cause said accident*. If the minds of the jury are left in a state of even balance as to the existence of negligence on the part of the defendant, then, in that event, the plaintiff is not entitled to recover against the defendant and the verdict of the jury should be for the defendant.

DEFENDANT'S REQUESTED INSTRUCTION NO. 6: You are instructed that the law does not impose any duty to guard against *sudden,* unforseen, and unanticipated acts of another. Therefore, if you find that the accident and resulting injuries, if any, were due to the unanticipated and unforeseen act of E. K. Maroney, Jr., and that the defendant did not see, or by the exercise of ordinary care could not have seen or anticipated that the child was crossing or would cross into the path of his automobile, then, in that event, the plaintiffs in this case cannot recover.

(Emphasis supplied.)

the objected portions italicized. In Instruction No. 5, appellant objected to the words, "contributed directly to cause said accident". In view of all the other instructions given, we see no difference between *"contributed directly to cause said accident", as was given,* and *"proximate cause of the accident",* as was urged by the appellant.

In Instruction No. 6, the objection is to the use of the word *"sudden".* In the sentence immediately thereafter, the word "sudden" is omitted; so there is no force to this objection.

The final objection to Instruction No. 6 is, "It does not take into consideration or require the defendant to keep a proper lookout; it does not require him to use reasonable care in the operation of his vehicle unless he actually sees the little boy in this case". This point is without merit, because, in other instructions given, the Court told the jury: the duty of a driver to anticipate the presence of pedestrians; that the little boy, Ken Maroney, could not be guilty of contributory negligence; that the driver of an automobile has a duty to maintain a constant lookout; and that the driver of an automobile should exercise due care to avoid injuring any pedestrian. All the instructions, when taken together, make clear that the Court committed no error in the instructions, as against the objections here made.

IV. *Gathright's Cross Appeal.* On his cross appeal Gathright insists that the Court erred in refusing a directed verdict in his favor. He claims that no actionable negligence was shown. There was ample evidence of negligence sufficient to take the case to the jury. There was evidence from which the jury could have found that Mr. Gathright was watching the little girl and the puppies and did not look around to see where the little boy was. There was also evidence to show that Mr. Gathright's car was slightly over the center line of the road when the little boy was struck by the left bumper. In short, we find no merit to the cross appeal.

Therefore, the case is affirmed on both direct appeal and cross appeal.