## ENNIS *v.* BRAINERD

5-3721                                    397 S. W. 2d 809

Opinion delivered January 10, 1966

*Hubert Graves,* for appellant.

*Cockrill, Laser, McGehee & Sharp,* for appellee.

ED. F. McFADDIN, Justice. The present appeal is an aftermath to the case of *Black* v. *Cockrill,* 239 Ark. 367, 389 S. W. 2d 881, decided on April 26, 1965; and presents the same basic issue except this time the question arises on appeal instead of on mandamus petition, as in the cited case. The issue is the right of a litigant to have a case transferred from the Third Division of Pulaski Circuit Court to the Second Division of that Court when it develops that the lawyers representing the opposing litigants are related within the fourth degree to the Judge of the Third Division.

Miss Linda Ennis, the appellant, a young lady in her teens, received injuries when the car in which she was riding was struck from behind by a car driven by Bill

Brainerd, the appellee. In due time action was filed against Brainerd in the Third Division of Pulaski Circuit Court by Miss Ennis, through her father, next friend, and guardian, Neil Ennis. In the same action Neil Ennis also sought recovery for himself individually for the amounts he had expended for hospitalization and medical care for his daughter. Bill Brainerd, by answer, denied all liability. He was represented by the law firm of Cockrill, Laser, McGehee and Sharp.

The plaintiffs filed motion on December 14, 1964 that the cause be transferred from the Third Division to the Second Division, since Judge Cockrill, the regularly elected and presiding Judge of the Third Division, was the brother of two members of the firm of lawyers that represented the defendant. Judge Cockrill postponed[1] consideration of the motion until the next day (December 15) and then exchanged circuits with Judge Amsler, the regularly elected Judge of the Second Division of the Pulaski Circuit Court. When the motion to transfer was presented on December 15, 1964 Judge Amsler, presiding over the Third Division on exchange of circuits, overruled the plaintiffs' motion to transfer to the Second Division. Plaintiffs' objections to the ruling[2] were noted of record; and it is the refusal of the Court to transfer that is discussed in Topic I herein. The causes of Miss Ennis and her father against Bill Brainerd were tried to a jury in the Third Division of Pulaski Circuit Court with Judge Amsler presiding, and resulted in the verdicts hereinafter to be mentioned; and the results of such trial present the issues discussed in Topic II, herein.

I. *The Motion To Transfer.* We hold that the plain-

---

[1] That ruling was similar to the one involved in *Black* v. *Cockrill, supra.*

[2] There was also a motion by the plaintiffs that a special judge should be selected to preside over the Third Division, in the absence of Judge Cockrill; the plaintiffs taking the position that Art. 7 § 21 of the Constitution applied. We do not reach that issue in this case since we are holding the motion to transfer should have been granted.

tiffs' motion should have been granted and the cause transferred to the Second Division; and our holding in *Black* v. *Cockrill, supra,* is full authority for our present ruling. In that case we said:

> "We think Ark. Stat. Ann. § 22-114 is applicable to the case at bar. The pertinent part provides: 'Whenever any suit or action shall be * pending *** and it shall appear that the *presiding judge of the division* in which said action is pending*** is related to either of the parties or their attorneys by blood or marriage within the fourth degree***said suit *shall be* upon motion of any party *transferred to another division* of said court' [Emphasis added.] "Its language is not restricted to who shall be presiding on the day of the trial. Its terms are mandatory that the cause shall be transferred to another division at any time during the pendency of the action upon the motion of any party . . . ."

The cause should have been transferred pursuant to Ark. Stat. Ann. § 22-114 [Repl. 1962] previously quoted.

II. *Subsequent Events In The Litigation Claimed By Appellee As Defeating Appellants' Right To Claim Error Of The Court In Refusing The Motion To Transfer.* When the motion to transfer to the Second Division was denied, both plaintiffs (Linda Ennis and her father, Neil Ennis) had their objections noted of record. The cause proceeded to trial before a jury, which returned a verdict for Linda Ennis for $500.00 and for her father, Neil Ennis, for $1,424.86. Mr. Ennis has satisfied the judgment in his favor and is therefore not an appellant on this appeal. Linda Ennis alone[3] prosecutes this appeal, insisting that she had the absolute right to have the cause transferred. Appellee Brainerd insists that Linda Ennis has lost the right to claim error regarding

[3]Of course, since she is still a minor the appeal is prosecuted by her father as her guardian and next friend, but she is the sole appellant.

the ruling on the motion to transfer since: (a) the cause proceeded to trial; (b) she obtained a verdict; (c) she has not demonstrated that the verdict is too small; and (d) her father has satisfied the verdict rendered in his favor by the same jury that tried Linda's case.

We find that these matters do not justify an affirmance against Linda Ennis. When a Court denies a motion to transfer the movant can preserve his (her) objections; and after trial may appeal and still question the ruling of the Court in refusing the motion to transfer. *Cole* v. *Mette,* 65 Ark. 503, 47 S. W. 407; *Dunbar* v. *Bourland,* 88 Ark. 153, 114 S. W. 467; *Maners* v. *Walsh,* 180 Ark. 355, 22 S. W. 2d 12. These cases arose in instances of transferring from law to equity, or vice versa; but the same basic reasoning is applicable to the situation in the case at bar. Linda did not have to take a nonsuit and refile the case in another division: she had the right to have her objections noted, and then proceed just as she did.

Appellee's contention "(c)" seems to be an effort to invoke that line of cases which holds that when a plaintiff receives a verdict which is considered inadequate, the plaintiff must show some other error committed by the Court before he can challenge the inadequacy of the verdict. Our earlier cases on that point are discussed in *Wadsworth* v. *Gathright,* 231 Ark. 254, 330 S. W. 2d 94, and also reaffirmed in the later cases of *Linxwiler* v. *El Dorado Sports Center,* 233 Ark. 191, 343 S. W. 2d 411; and *Humphreys* v. *Reed,* 234 Ark. 861, 355 S. W. 2d 281. The basic reasoning for the holdings in these cases was clearly stated by Justice Frank G. Smith in *Smith* v. *Arkansas Power & Light Co.,* 191 Ark. 389, 86 S. W. 2d 411:

> "When the undisputed evidence shows that plaintiff is entitled to recover substantial damages, a judgment will be reversed which awards only nominal damages, because a judgment for nominal damages is, in effect, a refusal to assess damages. When sub-

stantial damages are awarded, a judgment will not be reversed because of inadequacy, if there be no other error than that committed by the jury in measuring the damages. But a judgment even for substantial damages will be reversed where the undisputed testimony shows the damages to be inadequate, if error of a substantial and prejudicial nature was committed at the trial of the case.''

In the case at bar, appellant Linda Ennis has not alleged in her brief the inadequacy of the verdict (although she may think it is inadequate) : she is appealing because the Court did commit error in refusing her motion to transfer. When she demonstrates her right to have the case transferred and that she preserved her record, she has shown error.

Appellee's point ''(d)'' is that since Neil Ennis has satisfied the individual verdict which he obtained and is not prosecuting the appeal, therefore Linda cannot be heard to appeal; and in support of that position appellee cites *Pigage* v. *Chism,* 237 Ark. 873, 377 S. W. 2d 32. In the cited case there were inconsistent verdicts; that is, there was a verdict against the child and one in favor of the parent. There were no inconsistent verdicts in the case at bar because Linda received a verdict for $500.00 and her father received a verdict for $1,424.86. The fact that Linda's father has satisfied his personal judgment cannot militate against her rights. When separate verdicts and judgments are rendered for or against two parties on independent causes of action, the failure of one such party to appeal does not defeat the right of the other party to appeal. *A. S. Barboro & Co.* v. *James,* 205 Ark. 53, 168 S. W. 2d 202; *Maners* v. *Walsh,* 180 Ark. 355, 22 S. W. 2d 12; *Moore* v. *Price,* 101 Ark. 142, 141 S. W. 501.

For the error of the Court in refusing the motion to transfer, the judgment, as concerns Linda Ennis, is reversed and the cause remanded.