Oliver *vs.* Pace and Biggers.

No. 23.—JAMES OLIVER, plaintiff in error, *vs.* WM. PACE, Jr. and P. L. BIGGERS, defendants.

[1.] As a general rule, this Court will always more readily control the discretion of the Court below, in refusing a new trial, than in granting it, for the reason that the refusal to grant a new trial, operates as a final adjudication of the rights of the parties.

[2.] Where one of the defendants was a *bona fide* holder of a promissory note, and there was no evidence to impeach the consideration in his hands, the amount of which was not allowed by the Jury: *Held,* that the discretion of the Court below, in granting a new trial to the defendants, was properly exercised.

In Equity, in Muscogee Superior Court. Tried before Judge ALEXANDER, November Term, 1848.

Oliver filed his bill in the Court below, charging that, in January, 1837, P. L. Biggers and himself purchased a lot of land, for which Biggers paid $500 in cash, and they gave their joint note. for $850, which note was subsequently taken up by Oliver; that the deed was made to Biggers, who gave Oliver a bond for titles to his proportionate share of the land, when the note was paid; the land was divided between them, and each party took possession of their part—no writings passing between them—and they have been in possession ever since, till the filing of the bill.

The bill farther charged, that in November, 1838, being somewhat embarrassed, he agreed with William Pace, Jr. of said County, to give him, Pace, his note for $492 59, and transfer to him Biggers' bond for titles to said land, as collateral security; in consideration of which, Pace agreed to pay Oliver's debts amounting to some $425, on which was calculated 16 per cent; that during the years 1839, 1840 and 1841, he paid Pace large amounts, more than sufficient to pay said notes; that in the month of January, 1842, Pace "exacted" of him a note for $735 85, which he alleges was without consideration.

The bill farther charged, that Biggers and Pace, confederating to defraud Oliver, said Biggers executed to Pace a deed to Oliver's part of said land, and Pace transferred to Biggers, Oliver's note for $735 85; and that subsequently, in March, 1842, Pace re-conveyed said premises to said Biggers; that at April Term,

1843, of Muscogee Superior Court, Biggers brought his action of ejectment against Oliver for said land.

The bill farther charges, that Biggers knew, when he received the said note of Oliver's, that it was void for want of consideration and the usurious contract.

The bill prayed an injunction of the suit in ejectment, and that the note for $735 85, might be given up and cancelled; and that Biggers might be decreed to make titles to Oliver for his portion of said tract of land.

The defendants, in their answer, admitted the facts stated, as to the purchase of the land, and the payment for the same, and the bond for titles; also, the division of the land, and the joint possession. They admitted that Pace assumed to pay debts amounting to between $400 and $500, and that Oliver gave his note for $492 59, and the note for $850, and the bond for titles of Biggers as collateral security. The answer did not admit the usury, but admitted that Oliver made payments in corn and other articles, during the years 1839, 1840 and 1841, but insisted that they were on other accounts than the note for $492 59, and attached a copy of the receipt of Oliver, acknowledging payment in full for the articles furnished up to the close of 1841, and that the note for $735 85, was subsequently given by Oliver to Pace, in January, 1842.

The answer utterly denied all combination between Pace and Biggers, but, on the contrary, says, that Biggers made the deed to Pace, with the knowledge and approbation of Oliver, and *in his presence* and *upon his request*, and that Pace, at the request of Oliver, delivered up to Biggers his bond and the note for $850. They admit that Pace did re-convey said land to Biggers and give up Oliver's note for $735, before it was due; but it was in part consideration and payment of a note due by Pace to Biggers, amounting to $950 or $1000. As a matter of favor to Oliver, they did agree that Oliver might have till 25th December next, thereafter, to take up the note and receive the deed for the land, which Biggers, in his answer, announced himself still willing to do. Biggers denied all knowledge of the consideration of the note.

Upon the trial, an agreement was in evidence between Biggers and Pace, by which Biggers bound himself " to take the place of said Pace with Oliver, and to stand to and abide by" the previous

contract between Pace and Oliver. Also, the agreement between Oliver and Pace, dated 6th January, 1842, reciting that Biggers had made a deed to Pace, and that " if Oliver pays Pace all just demands he had against him, by the 25th December, 1842, then Pace to make to Oliver a deed to the lands."

There was considerable evidence, but none of it contradictory of the answers.

Since the filing of the bill, Oliver had been ejected from the land.

The Jury decreed that Oliver recover possession of the land, and rent for four years at $100 a year.

Upon motion of defendant's counsel, the Court granted a new trial, on the ground that the verdict was contrary to the law and evidence.

Which decision of the Court is alleged to be erroneous.

H. HOLT, for plaintiff in error.

H. L. BENNING, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

The error assigned upon this record is, that the Court below granted a new trial in the cause at the instance of the defendants.

[1.] This Court will always more readily interfere, to control the discretion of the Court below, in refusing a new trial, than in granting it, for the reason that the refusal of a new trial operates as a final adjudication of the rights of the parties.

[2.] In this case, however, we are of the opinion the discretion of the Court was very properly exercised in behalf of the defendants. One of the allegations in the complainant's bill is, that the note for $735 85, executed by Oliver to Pace, and transferred to Biggers, was without consideration, and that Biggers had notice of that fact.

The answer of Biggers states he received the note before it was due, and denies all knowledge of the consideration for which the note was given. There is no evidence in the record, which we can discover, going to impeach the consideration of the note of $735 85, in the hands of Biggers, and he being a *bona fide*

holder of the note, was entitled to have the amount of it allowed him on the trial.

Let the judgment of the Court below be affirmed.