[Civ. No. 834.    First Appellate District.—November 12, 1910.]

## HENRY N. DIEHL, Respondent, v. SWETT-DAVENPORT LUMBER COMPANY, a Corporation, Appellant.

NEGLIGENCE — INJURY TO SERVANT — DEFECTIVE PLATFORM — FALLING UPON KNIVES — ADJUSTING MACHINE IN MOTION — EVIDENCE — ORDER NOT TO STOP ENGINE.—In an action for injury to a servant of defendant employed in its planing mill, in falling through a defective platform and against knives, while adjusting the gauge of the machine in motion, evidence that, owing to the engine being too small for its burden, so that if it were stopped and started again the increased burden upon the engine would reduce the steam pressure, strict orders were given that the engine should not be stopped unless absolutely necessary, was competent, not to show that the defendant was negligent generally, but to explain why the plaintiff did not stop the engine before attempting to adjust the gauge of the machine.

ID.—INSTRUCTION—PREPONDERANCE OF EVIDENCE.—An instruction that if the evidence tending to prove the facts plaintiff is required to prove is of more weight than the evidence tending to disprove such facts, then the plaintiff has proven such facts by a preponderance of evidence, does not imply that he can recover without a preponderance of evidence, especially where in the same instruction, as well as in other instructions, the court directly stated that in order for the plaintiff to recover he must establish the facts by a preponderance of the evidence, and elsewhere stated that if the evidence was equally balanced, the verdict must be for the defendant.

ID.—REQUEST PROPERLY REFUSED—DISCOVERY OF PREVENTION AFTER ACCIDENT—NEGLIGENCE—ADMITTED DEFECT IN PLATFORM.—The court properly refused a requested instruction that: "After an accident has occurred, it may be easy to see what would have prevented it, but that of itself does not prove that reasonable or ordinary care would have anticipated and guarded against it. For plaintiff to show what would have prevented the accident is not proof of negligence," since such instruction is not in point, in case of an admitted defect in the platform which had been called to the attention of the party charged, and upon the knowledge of which by the defendant and its superintendent the whole cause of action of the plaintiff is based.

ID.—PROPER INSTRUCTION IN LIEU OF REFUSED INSTRUCTION—UNFORESEEN ACCIDENT—REASONABLE PRUDENCE.—The court, in lieu of such refused instruction, properly charged the jury that "the defendant in this case cannot be held guilty of negligence, if the evidence shows that he failed to provide against an accident that would not have

been foreseen by a reasonably careful person or against an accident such as reasonable prudence would not have anticipated the need of guarding against."

Id.—Request Properly Refused — Duration of Promise to Repair Defect.—The court properly refused a requested instruction that an employee may rely on the promise of his employer to repair the defect existing in a machine which the employee is operating, only for so long a time as is reasonably necessary to repair the defect.

Id.—Change of General Rule as to Assumption of Risk—Assumption by Employer Promising to Remedy Defect.—The general rule, that one who remains in the service of the employer after knowledge of a defect in a machine operated by him assumes the risk of the increased danger, does not apply, but the relations of the parties undergo a change when the employee gives notice of the defect to his employer, and he promises to remedy the same, in which case the employer assumes the risk, according to the nature of his promise.

Id.—Extent of Assumption of Risk by Promising Employer.—When the promise of the employer that the danger will be removed names no definite time, it is in effect an agreement that he assumes the risk for a reasonable time; but when the promise is that the repair shall be made upon the happening of a certain event, the master assumes the risk until the event has happened, and for a reasonable time thereafter.

Id.—Promise to Repair at Time of "Rush Orders."—Where the promise to repair was made and repeated during a time when the defendant was engaged in "rush orders," which were not completed when the accident happened, the assumption of the risk of the accident was upon the employer.

Id.—Support of Verdict.—It is held that, under the principles of law applicable to the facts of the case, the evidence is sufficient to support the verdict in favor of the plaintiff against the defendant.

Id.—Plaintiff not Required to Repair Platform — Duty Devolved upon Another Employee.—Where the defective platform had been broken by a falling timber, and the plaintiff was not provided with any material to repair the same, he owed no duty to do so, especially where it appears that the authority and duty to make such repairs would devolve upon another employee of the defendant, if ordered to make them.

Id.—Submission of Issues to Jury.—It was not error for the court to refuse to submit a special issue to the jury which is fully covered by another special issue submitted to them.

Id.—Amount of Verdict not Excessive.—It is held that a verdict for $5,000 damages for the loss of a right arm at the elbow was not excessive.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

C. H. Wilson, for Appellant.

Bishop, Hoefler, Cook & Harwood, and Alfred J. Harwood, for Respondent.

KERRIGAN, J.—This is an action for damages for personal injuries sustained by plaintiff while in the employ of the defendant corporation in operating a planing machine at defendant's mill.   The planing machine was provided with a wooden platform which was necessary for its proper operation.   On the day that plaintiff began to operate the machine one of the surface boards of the platform was broken by a timber falling upon it.   This defect was known to the defendant's superintendent.   For several weeks plaintiff operated the machine while it was in this condition, during which time he complained on a number of occasions to defendant's foreman regarding this defect.   The foreman promised to remedy the same, and plaintiff's testimony is that because of such promise he remained in defendant's employ.   On the day of the injury, and while the plaintiff was operating the machine, it became necessary for him to go upon the platform to adjust the gauge, and while so employed, the machine being in motion, his foot slipped into the hole in the platform, causing him to be thrown against the knives connected with the machine, and his right arm was cut off at the elbow.   The jury brought in a verdict for $5,000, upon which judgment was entered.   This appeal is from the judgment and from an order denying a motion for a new trial.

The defendant asks for a reversal of the judgment and order upon several grounds, viz.: That the trial court erred in the admission of evidence; that it improperly instructed the jury, and erroneously refused to give certain instructions requested by the defendant.   It is also contended by defendant that the evidence does not sustain the verdict, and that

14 Cal. App.—32

the amount of the damages given is excessive. We will consider these questions in the order stated.

On the trial of the cause plaintiff introduced evidence showing that at times during the operation of the machine at which the accident occurred it was necessary to shut it down, for the reason that the engine driving the same was too small for its load, and that when the machine was again started the increased burden thereby put upon the engine would reduce the pressure of the steam, and that, for this reason, strict orders had been given that the machine should not be shut down unless absolutely necessary. Defendant contends that the court committed error in admitting this testimony, for the reason that it was immaterial, and also tended to confuse the jury and to make them believe that the defendant was negligent generally in the conduct of its business. The answer of the plaintiff to this contention is that the evidence in question was offered for the purpose of explaining why he did not stop the machine before attempting its adjustment, and we think it was competent for that purpose.

Defendant next contends that the court erred in giving to the jury that part of instruction numbered nine to the effect that if the evidence tending to prove a fact "is of greater weight than all the evidence tending to disprove that fact," and also, if the evidence tending to prove the facts plaintiff is required to prove "is of more weight than the evidence tending to disprove such facts," then the plaintiff has proven such facts by a preponderance of evidence. Defendant argues that the words quoted in effect inform the jury that if the plaintiff produces evidence to prove the facts necessary to confer upon him a right to recover against the defendant, then he shall recover unless the weight of defendant's evidence in disproof thereof is of more or greater weight, and that such an instruction implies that plaintiff can recover without a preponderance of evidence. We think the instruction contains no such implication. Under this instruction the evidence which must be of more or greater weight was the plaintiff's and not the defendant's. By it the jury was merely instructed that the plaintiff's evidence of the existence of certain facts must be of more weight than the defendant's evidence tending to disprove such facts—which

was only another way of instructing that before a plaintiff is entitled to recover he must have produced a preponderance of evidence in his favor. If the evidence were equally balanced, plaintiff's evidence could not be of more weight than the defendant's. Besides this, in the very first portion of the instruction complained of, and repeatedly in other portions of the charge, the court directly stated that in order for the plaintiff to recover he must establish the facts of his case by a preponderance of evidence. Moreover, the court specifically charged the jury that if the evidence was equally balanced the verdict must be for the defendant. The instruction in question, standing alone, was not subject to the objection urged; and certainly was much less so when the instructions are read and considered as a whole.

Defendant also complains of the action of the court in refusing to give a portion of one of its requested instructions. The part rejected was as follows: "After an accident has occurred it may be easy to see what would have prevented it, but that of itself does not prove that reasonable or ordinary care would have anticipated and guarded against it. For plaintiff to show what would have prevented the accident complained of is not proof of negligence on the part of the defendant." In place of this proposed instruction the court charged as follows: "The defendant in this case cannot be held guilty of negligence, if the evidence shows that he failed to provide against an accident that would not have been foreseen by a reasonably careful person, or against an accident such as reasonable prudence would not have anticipated the need of guarding against."

We think the instruction given stated the law applicable to the case, and that the defendant under the evidence in this case was not entitled to the one offered by him. While that instruction might have been applicable in a case where some precaution against accident had been omitted, the advisability of which had been made apparent by the happening of the accident, it was hardly to the point in the case of an accident arising from some admitted defect which had been called to the attention of the party charged. Here the whole cause of action was based upon the defect in the platform, known to the defendant and its superintendent.

Error is also charged to have been committed by the trial court in refusing to charge the jury in effect that an employee may rely on the promise of his employer to repair defects existing in a machine which the employee is operating, only for so long a time as is reasonably necessary to repair the defect. This proposition is involved in defendant's contention that the evidence is insufficient to justify the verdict, and in our opinion is the principal question involved in the case. Undoubtedly, the general rule is that one who remains in the service of his employer after notice of a defect in the machine operated by him, which increases the danger to which he is exposed, assumes the increased risk. Where, however, the employee, electing not to abandon his employment, gives notice of such defect in the appliance used by him, and the employer promises to remedy the defect, the relationship of the parties undergoes a change. The promise of the employer that the danger will be removed, without naming a definite time, is in effect an agreement by him that he assumes the risk incident to the danger for a reasonable time. (*Anderson* v. *Seropian,* 147 Cal. 201, [81 Pac. 521].) But when the promise is that the repair shall be made upon the happening of a certain event, the master assumes the risk until the event has happened and for a reasonable time thereafter. In this case the promise to repair was made on several occasions, and during a time that the defendant was engaged upon "rush" orders, which it had not completed at the time of the happening of the accident. But defendant contends that in this case the plaintiff was not justified in relying upon the promise to repair, for the reason that the promise was too indefinite, and for the further reason that the time between the promise and the injury was longer than was reasonably required to make the repairs. From all the testimony it appears that the promise to repair was definite, and referred to the completion of a specific job upon which the defendant was very busy, and that it remained busy upon this particular job from the time of the promise until the accident occurred. The case of *McFarland Carriage Co.* v. *Potter,* 153 Ind. 107, [53 N. E. 465], cited in *Anderson* v. *Seropian,* 147 Cal. 201, [81 Pac. 521], is on all-fours with the case at bar. In that case it appeared that the table of a machine was defective, and that

plaintiff was injured by reason of the defect, operating independently of the saw, after a promise had been made to repair it as soon as the particular work then in hand was completed; and it was held that the employer was liable, although it was not shown how long it would take to finish that work, it appearing, however, that the injury occurred within the time the defect was promised to be remedied. It is unnecessary to review the authorities upon this point. A number are cited in *Anderson* v. *Seropian,* 147 Cal. 201, [81 Pac. 521], where the reason for the rule is clearly stated. Applying these principles to the present case, the instruction was properly refused, and there was sufficient evidence to justify the verdict.

Defendant also contends that the repairs to the platform did not require mechanical skill, and that therefore it was the plaintiff's duty to make them. This point is without merit. Plaintiff claimed that the necessary materials to make the repairs were not on hand, and that besides, plaintiff was ordered by representatives of the defendant to continue the operation of the machine until the completion of the job. Moreover, he had no authority to make repairs, as there was a person specially employed for such purposes. (*Anderson* v. *Seropian,* 147 Cal. 201, [81 Pac. 521].)

It is also contended that the trial court erred in refusing to submit to the jury, at defendant's request, the special issue set forth in the thirty-fifth assignment of error. The issue proposed was fully covered by the third issue given by the court, and that being so, was properly refused.

There is no merit in the point that the amount of the verdict was excessive.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 9, 1911.