LOUISIANA & ARKANSAS RAILWAY COMPANY *v.* MULDROW.

Opinion delivered April 28, 1930.

676

*Steve Carrigan* and *B. E. Carter*, for appellant.

*John P. Vesey*, for appellee.

KIRBY, J., (after stating the facts).   Appellant first contends that the evidence disclosed that appellee had assumed the risk, and that the court erred in not directing a verdict in its favor.   It is conceded that the action was brought under the Federal Employers' Liability Act, which it is correctly claimed did not abolish the defense of assumed risk.   The evidence shows that, while the men were engaged in loading the rails, four at each end thereof, the three men carrying the end of the rail with appellee turned loose without direction of the "caller" allowing all the weight of it to fall on appellee, resulting in or causing his injury.   Certainly he had no means of knowing or any intimation that they were going to turn

the rail loose, leaving the weight of it on him, in time to have protected himself against the negligence, this notwithstanding they were laughing and talking while doing the work, and might not have heard or heeded the direction of the "caller." This could have constituted no notice to him nor caused him to realize that they might negligently turn the rail loose before time or without throwing it on the car, leaving the whole weight to fall upon and be supported by him, and he could not, as a matter of law, be held to have assumed the risk of such negligence.

The court told the jury that one of the defenses was assumption of risk, and that, if it should be found that appellee was injured because of the negligence of some agent or employee of appellant which contributed to or caused the injury, such negligence was one of the ordinary and usual risks of plaintiff's employment, and was assumed by him. In the latter part of instruction No. 2, the court told the jury that appellee assumed the ordinary risks incident to his employment, but not the negligence, if any, of appellant or its employees, "unless he knew of such negligence before he was injured, if he was." He also told the jury that, if they found he was injured in the manner alleged or claimed in the complaint, etc., they could find for him damages, "provided you do not find that his injuries, if any, arose from his having assumed the risks incident to his employment." The court did not take from the jury, as contended, consideration of the defense of assumption of risk, and the authorities relied upon have no application here.

Neither was error committed in giving appellee's requested instruction No. 1, complained of, which told the jury that where the term "preponderance of evidence" and "greater weight of evidence" was used in the instruction, it did not mean a greater number of witnesses on one side or the other. These terms were defined properly in instruction No. 2, complained of, by

saying "Does not mean necessarily the greater number of witnesses, but means evidence which in your judgment is entitled to greater weight in respect to its credibility."

It is next insisted that the verdict is contrary to the weight of the testimony, and, conceding this to be true, it was a matter to be addressed to the trial court and furnishes no grounds for reversal here, there being substantial testimony in support of it. *Newhouse Mill & Lumber Co.* v. *Keller,* 103 Ark. 538, 146 S. W. 855; *St. L. Sw. Ry. Co.* v. *Ellenwood,* 123 Ark. 423, 185 S. W. 768.

No error was committed in refusing to allow the witness Greene to state the full conversation that occurred in appellee's attorney's office in his presence relative to the cause of the accident. Appellant attempted to show indirectly that appellee had made a different statement as to the cause of his injury in stating the case to his attorney by showing that his attorney stated that if such was the case there was no liability. This was not a contradictory statement of the witness, nor a statement of his at all. Neither was it competent, since there was no relation of the entire statement of the facts by appellee to his attorney, nor an attempt to show any contradictory statement made by him there. His attorney might have been mistaken as to the law and liability in making any such statement, if he did make it, and it cannot be presumed that, because witness made a statement of the facts of the jury to his attorney, who expressed the opinion that there was no liability, that the witness had made a different statement to the one related on the stand.

It may be that appellee did not suffer the particular technically alleged injury as a result of the negligence of his fellow workmen in releasing the end of the steel rail and letting the entire weight fall or rest on him, but there was substantial testimony from which the jury could have found that he had suffered an injury to his back therefrom that caused the pain and physical dis-

ability complained of, and it was sufficient to show the injury and support the verdict. We find no error in the record, and the judgment is affirmed.