PRICE-SNAPP-JONES COMPANY *v.* BROWN.

Opinion delivered January 18, 1932.

1144

*Raymond Jones,* for appellant.

*Walter A. Isgrig,* for appellee.

HART, C. J., (after stating the facts). The only error argued for a reversal of the judgment is that the action of the court in overruling the motion for a new trial brings the case within the rule announced in *Twist* v. *Mullinix,* 126 Ark. 427, 190 S. W. 851, and later cases following the rule there announced. In that case it was held that, when the trial court is convinced that a verdict is not sustained by the preponderance of the evidence, then

it is his duty to set aside the verdict; and if the trial court finds and announces that the verdict of a jury is against the preponderance of the evidence on a material issue of fact, then he must set the verdict aside. Numerous cases might be cited to the effect that it is the duty of the trial court, where it is of the opinion that the verdict of the jury is contrary to the weight of the evidence, to set it aside. This is a matter to be addressed to the trial court, and furnishes no ground for reversal in this court where there is substantial evidence to support the verdict. *St. Louis Southwestern Railway Company* v. *Ellenwood,* 123 Ark. 428, 185 S. W. 768; and *Louisiana & Arkansas Railway Company* v. *Muldrow,* 181 Ark. 674, 27 S. W. (2d) 516.

It is earnestly insisted by counsel for appellant that the record in the case affirmatively shows that the trial court found and announced that the verdict of the jury was against the preponderance of the evidence, and that it therefore erred in not setting it aside. We do not so construe the verdict. We have copied the verdict in our statement of facts, and it shows that there was a question mark or interrogation point after the amount found by the jury due the plaintiff. Written instructions were given by the court to the jury, and among them was the form of the verdict. It is immaterial to determine whether the interrogation point indicated was placed there by the stenographer who transcribed the written instruction of the court or whether it was placed there by the jury, as indicating some doubt as to the exact amount due the plaintiff. The record shows that the verdict was returned into court and delivered to the clerk and was announced by him. The court asked the jury if the verdict read by the clerk was their verdict, and the jury replied that it was. The clerk, in reading the verdict, did not call attention to the question mark. This was not discovered until after the jury had been discharged.

In arguing the matter before the court upon the presentation of the motion for a new trial, we quote from the record the following:

"Court: Well, I think the questions in dispute were questions for the jury to pass on absolutely. I think the clerk properly wrote up the judgment on that verdict. The motion for a new trial will be overruled."

There is nothing whatever in the remarks of the court that it was of the opinion, or intended to announce it as the opinion of the court, that the verdict of the jury was contrary to the preponderance of the evidence. Hence the case at bar does not fall within the principles announced in the cases cited above and relied upon by counsel for appellant for a reversal of the judgment in this case.

Under our Code of Civil Procedure, it is provided that the verdict shall be written, signed by the foreman, and read by the clerk of the court to the jury, and the inquiry made whether it is their verdict. Then, if no disagreement is expressed and neither party requires the jury to be polled, the verdict is complete, and the jury is discharged from the case. Crawford & Moses' Digest, § 1300. This section of the statute was explicitly followed in the present case.

As said by the trial court, the meaning of the jury was clearly shown by the verdict, and is not to be set aside because it was uncertain or indefinite. There being no expression of the court that would indicate that the verdict of the jury was contrary to the weight of the evidence, his finding that the motion for a new trial should be overruled is binding upon us upon appeal, for it is the settled rule of this court not to disturb a verdict upon appeal where there is any substantial testimony to support it, and the testimony of the plaintiff warranted the jury in finding a verdict in his favor for the amount claimed to be due under the contract. Therefore the judgment will be affirmed.