Texas & Pacific Railway Company *v.* Stephens.

4-4124

Opinion delivered February 3, 1936.

*King, Mahaffey, Wheeler & Bryson,* for appellant.

*Lowell D. Gibbons, Ted Goldman* and *Geo. F. Edwards, Jr.,* for appellee.

Baker, J. The injury for which this suit was filed for damages occurred at Atlanta, Texas, on July 11, 1934. Stephens, the appellee, filed his suit in the circuit court of Miller County, Arkansas, alleging that he was standing near the main line of railroad in the town of

Atlanta, waiting for a train to pass in order that he might cross over. He alleges that the train was running at a rate of 40 or 45 miles an hour, and that, as he stood near to the railroad track, he turned and glanced down the track to observe the length of the train when a door or some other object upon a car swung out and struck him. He observed this swinging object or door just as the train was passing, and involuntarily threw up his arm to protect himself, and his arm was struck, and he was knocked down, and in the fall one foot went upon the track and was crushed so that an amputation was necessary. The charge is that the company was negligent in permitting this loose or swinging door to remain unfastened, or so that it did swing out in the operation of the train, to such an extent that he was struck thereby, as he stood waiting for the train to pass. This charge involved a failure to inspect, or, at least, a careless inspection.

Defendants denied the facts alleged in the complaint; denied that a door was permitted to swing or did swing out. Denied that the train was driven at a high speed through Atlanta at the time of the alleged accident; pleaded that, if defendant was standing so near this railroad track as to be struck by the alleged swinging door, he was guilty of contributory negligence. Defendant pleaded further that the plaintiff, instead of being injured in the manner in which he alleged, was attempting to catch the running train and climb aboard, and that in reaching or catching some one of the handholds, that he was thereby jerked or thrown so that his foot fell upon the rail and resulted in the injury.

Upon trial of this case, a verdict was rendered for the plaintiff in the sum of $2,750 and from that judgment this appeal has been prayed. Appellant upon this appeal alleges no error except that the testimony is not sufficient to support the verdict and judgment; and, secondarily, that the trial court erred in refusing to express an opinion upon the motion for a new trial as to the weight or preponderance of the evidence, though expressly requested to do so.

The parties to this litigation seem to have no dispute as between themselves about the fact that the law of Texas fixes and governs the substantive rights of the parties, and, since the case has been filed in Miller County, the law of Arkansas, as it relates to the procedure, necessarily governs.

John Stephens' testimony, stated as concisely as we can make it, is to the effect that he had started across the railroad tracks, along a pathway, which it is conceded had been used in crossing the railroad tracks at this point for many years. He says that he stood within about two and one-half feet of the train, as it passed; that, as he turned, he glanced down the side of the train to observe its length; that the door or some other object on the side of the box-car swung out, and that he threw up his arm to shield or protect himself, and the swinging object struck him on the arm and knocked him down; that in the fall one of his feet was caught under the train and crushed.

On this same train another man, Cliff Johnson, colored, was riding, or, at least, he so testified. He was in a car of the gondola type and says he was looking down the right-hand side of the train as it ran after it left Texarkana, going toward Atlanta, and he testifies that this door swung out from the car, particularly as the train rounded curves, and sometimes on account of high speed. He testified that he saw the door at the time it struck Stephens and knocked him down. Cliff Johnson did not know what kind of car it was from which this door was swinging. He said it had slats like a chicken coop.

The testimony from members of the train crew shows that there was no cattle car on the train, the type described by Johnson; that most likely there was no gondola car after the train left a station called Hoots, where some cars were set out, but there were cars somewhat of the gondola type.

Employees also of the railway company testified as to inspections at Texarkana and also at Marshall, and that these inspections did not show any door loose or unfastened, so that it would swing outwardly from the

side of the train, and it is insisted most strongly that, even if it should be deemed proper to believe the testimony that the door did swing out, this testimony as to the inspections made before the train left Texarkana, and by the train crew upon the run, or trip, tended to prove, at least, the exercise of ordinary care, and that therefore there could not be any liability.

It is also argued that, since the testimony showed that the distance of the outward part of the swing of this door was not exceeding two and one-half or three feet, plaintiff was guilty of contributory negligence in standing close enough to the track to be struck by the door on the moving train.

The record shows that there were several witnesses who testified contradicting the testimony of both Stephens and Johnson in regard to the manner in which Stephens was hurt, several of the witnesses testifying that Stephens was running beside the train, threw up his hand and caught a grabiron, or attempted to do so, and was jerked by the fast-moving train, so that he fell.

Appellant's contention is best stated perhaps, in its thirteenth assignment of error in the motion for a new trial, in which he says: "Plaintiff wholly failed to prove any negligence on the part of defendant, and because the overwhelming weight of the credible testimony introduced in this cause showed that the defendant was not guilty of any negligence which proximately cause the injury of which the plaintiff complained, or in any sense contributed thereto."

If we were permitted, under this assignment of error, to take up questions of fact that were submitted to the jury, to determine, first, whether there was any negligence, second, the weight of the testimony, and, third, the credibility of the witnesses that testified, this appeal would amount substantially to a trial *de novo*.

Plaintiff's testimony and Cliff Johnson's testimony are substantial matters in evidence. Cliff Johnson says he observed, from the gondola car, where he was riding, a door on a car ahead of him, swinging out from the side of the car, as the train ran. The conductor, brakeman, or others who rode in the cupola of the ca-

boose, whose duty it was to observe the train as it ran, failed to see this door swinging out. Whether they negligently failed to observe a thing easily to be seen, without an effort to make an inspection, but only by a casual observance of conditions that prevailed, was decided by the verdict. If Cliff Johnson saw the door swinging, it is possible that the inspection made was perfunctory, rather than actual. In truth, there is a sharp dispute, not only in the statements, but in the effect of the testimony of Cliff Johnson for plaintiff and railroad employees, as well as in the testimony of John Stephens and the employees. The jury alone could decide these issues.

It is more than axiomatic that juries are the sole judges of the weight of the evidence and credibility of witnesses. It is so provided by the Constitution. We fear this has been so often repeated it has become trite or commonplace. But it still bars trial judges from the jury box.

Admittedly these issues of fact were correctly submitted to the jury. The verdict was final, subject to review on appeal, only to determine if it is supported by any substantial evidence.

There was substantial evidence to support the verdict. But it is argued that it was the duty of the trial court to review this verdict. In that contention we agree with appellant.

Upon a motion for new trial the defendant alleged that the verdict of the jury was contrary to the weight of the testimony as given by credible witnesses and insisted that the trial judge, upon the presentation of this motion express an opinion in regard to this matter of the preponderance of the testimony. The court declined to comment upon this matter of a preponderance of the evidence, saying that to do so would be an invasion by him of the province of the jury, and then the court overruled appellant's motion for a new trial. The effect of this failure or refusal to make any comment upon the value of the testimony was not a denial of any right of appellant.

We think this objection brought down to the last analysis is to the effect that appellant is now alleging

that the court erred in not commenting upon the testimony. Appellant certainly cannot say the court did not rule upon his motion and upon every part of it, and his ruling was an approval and an acceptance of the verdict of the jury. It was in effect a determination that it was supported by some substantial testimony.

This matter of approving or rejecting a verdict of the jury by the trial court is one that must appeal to judicial discretion. Discretion, of course, is opposed to arbitrary action, and is not controlled or interfered with by this court upon appeal.

Ordinarily, this power of the court to review or consider judgments rendered by juries is called into action by a motion for new trial. The court, however, may in the exercise of discretion, act upon a verdict at any time during the session of the court at which it was rendered. If, upon consideration of the verdict rendered, the trial court should find that the verdict is not supported by the evidence, or that it is contrary to the preponderance of the evidence, it is, as has been said on many occasions, the duty of that court to set aside such verdict. Crawford's Civil Code of Arkansas, 306.

An examination of the cases there cited, we think will show they are uniformly to the effect that only in the exercise of this judicial discretion shall the trial court interfere with the judgment of the jury. *Taylor* v. *Grant Lumber Co.,* 94 Ark. 566, 127 S. W. 962. The Supreme Court there said: ''The trial judge still has control of the verdict of the jury after and during the term it is rendered. Because of his training and experience in the weighing of testimony, and of the application of legal rules to the same, and of his equal opportunities with the jury to weigh the evidence and judge of the credibility of witnesses, he is vested with the power to set aside their verdicts on account of errors committed by them, whereby they have failed, in their verdict, to do justice and enforce the right of the case, under the testimony and the instructions of the court. This is a necessary counterbalance to protect litigants against the failure of the administration of the law and justice on account of the inexperience of jurors.''

Again this court said in *Blackwood* v. *Eads,* 98 Ark. 304, 135 S. W. 922: ''Where there is decided conflict in the evidence, this court will leave the question of determining the preponderance with the trial court, and will not disturb his ruling in either sustaining a motion for new trial or overruling same. 'The Supreme Court will much more reluctantly reverse the final judgment in a cause for error in granting than for error in refusing a new trial.' *House* v. *Wright,* 22 Ind. 383; *Oliver* v. *Pace,* 6 Ga. 185. The witnesses give their testimony under the eye and within the hearing of the trial judge. His opportunities for passing upon the weight of the evidence are far superior to those of this court. Therefore his judgment in ordering a new trial will not be interfered with unless his discretion has been manifestly abused.''

The foregoing quotations are in exact conformity with our view of the law at this time.

We think it must be conclusive that it is not within our duties to attempt to review, and, after review, substitute our viewpoint for that of the trial court in a matter wholly within the discretion of that court.

We may suggest, as has been said before, that the trial court is more than a mere chairman preserving order in the conduct of trials. He is a vital force in the use of his learning and his experience in the conduct of trials, exercising judicial discretion, which must always be approved, except when it has been demonstratively abused.

Appellant here insists that the court should have given some judicial announcement as to his opinion concerning the weight of the testimony or credibility of the witnesses, as affecting the verdict rendered in this case. The court did that in overruling the defendant's motion for a new trial. In doing so, the court exercised that discretion above mentioned and discussed. In the exercise of that discretion, the trial court may have, without just grounds for criticism, made full comment upon any part or all of the testimony heard in the case, or he could refrain from doing so. Only when courts have announced findings or conclusions and then made orders

contrary thereto has this court, on appeal, corrected such orders to conform to the determined facts or conclusions of the court. _Twist_ v. _Mullinix,_ 126 Ark. 427, 190 S. W. 851; _McCullars_ v. _State,_ 183 Ark. 376, 35 S. W. (2d) 1030; _Coca-Cola Bottling Co._ v. _Eudy,_ 191 Ark. 877, 88 S. W. (2d) 53.

The trial court having overruled motion for a new trial, the matter presented to us is not only the verdict of the jury; it is more than that. It is the verdict of the jury fortified by the approval of the trial court.

Appellant presents this case upon this appeal and argues incidentally that the rights of the parties are determined by the law of the State of Texas, because the injury sued for was sustained in that State. We agree with this contention.

This suit was filed in Miller County, Arkansas, and our courts lend themselves to enforce the rights of parties to litigation, the subject-matter of which is controlled or determined by some other jurisdiction. In the trial of such cases, however, those rights, whatever they are, will be determined by our courts under our own procedure.

It is argued that the quantum of proof necessary to show negligence in this case, under the law of the State of Texas, is not met by the proof tendered upon this trial and appellants cite the case of _Texas and Pacific Railway Company_ v. _Endsley,_ 103 Tex. 434, 129 S. W. 342.

We may concede that the authority cited supports the contention made, but even then it furnishes no sound reason why we should interfere with this verdict and judgment thereon, because we think it must be conceded that under our procedure there is not only substantial evidence to support the verdict, but the jury has found that it is supported by a preponderance.

Without unduly extending this discussion, we think it only necessary to say that the testimony, given its most favorable consideration to support the verdict, shows that plaintiff was injured by negligence of the employees of the defendant; that plaintiff was not guilty of contributory negligence.

We cannot say as a matter of law, that plaintiff did not have a right to stand near to the railroad track at the place where he was struck by the swinging door on one of the cars of the train.

The question of contributory negligence, properly submitted to the jury, was decided adversely to appellant's contentions.

A consideration of the functions of the law of the place, determinative of the rights of the parties, and the law of the forum, under which these rights were determined, makes clear the fallacy of appellant's arguments relating to the value of evidence as supporting the verdict.

No error appearing, judgment is affirmed.