McCARROLL AGENCY, INC., *v.* PROTECTORY FOR BOYS
UNDER THE CARE OF THE FRANCISCAN BROTHERS
OF CINCINNATI.

4-5323                                           124 S. W. 2d 816

Opinion delivered January 16, 1939.

*Grover T. Owens* and *Brundidge & Neely,* for appellant.

*F. W. A. Eiermann,* for appellee.

MEHAFFY, J. This suit was begun by appellant, and the original complaint named Poor Brothers of St. Francis, Inc., as defendant. Answer was filed in which it was admitted that appellant was a corporation, but it was denied that the appellee was incorporated, and denied that it owned any property. It was alleged in the answer that the corporation which owns the property and operates the school is known as the "Protectory for Boys under the care of the Franciscan Brothers of Cincinnati, Ohio." Thereafter, the appellee was made party defendant.

The appellant alleged that on March 6, 1929, the appellee entered into a contract with appellant to obtain a loan and to insure said property for the amount of the loan through the appellant for a period of ten years; that said contract was made with Remmel & McCarroll, and that Remmel & McCarroll assigned said contract to the McCarroll Agency, a corporation; that the contract contained the following clause:

"I agree to insure in full paid policies the buildings on said premises in the sum of at least $129,000 fire and $90,000 tornado, loss, if any, to be paid to lender as its interest may appear. All new and renewal policies to be

placed with Remmel & McCarroll, in companies acceptable to them.''

The contract purported to be made with Poor Brothers of St. Francis, Inc., and was signed by Bro. Anthony Collassowitz. After the name was ''Pres.'' This was stricken out, and ''Sec'y'' was written. This was stricken out, and ''Superior'' was written in pencil.

The evidence tended to show that the appellee owned the property and operated the school in White county, and that it wanted to borrow $20,000 to make improvements, and through Remmel & McCarroll a loan was secured at the bank in St. Louis, the Mercantile Commerce Bank & Trust Company.

The case was tried before the judge sitting as a jury, and the court found that, at the time of the inspection of the property, the appellee had not authorized the local Superior, Anthony Collassowitz, to enter into any contract like the one sued on; that Brother Anthony Collassowitz was the local Superior and was not authorized to make the contract for insurance. The court found that at the time he signed the contract the only thing he signed was his own name, and that the rest of the signature was placed there by Mr. W. S. McCarroll; that there had been added since the signature was signed by the Superior, the words ''Pres.'' and ''Sec'y'' as the position held by Brother Anthony. The court further found that he was the local Superior at Morris Institute, and as long as he was local Superior there, he kept the insurance with Remmel & McCarroll and their assignee; that the local Superior had no authority to bind the corporation at this or any other time pertaining to any expenses longer than a period of one year; that the mortgage securing the loan, which was executed by the proper persons, made no reference to the insurance, and that the officials of the corporation had no knowledge of the insurance contract at the time it was made, and did not ratify it. The court further found that no insurance policies were tendered or delivered by the McCarroll Agency to the local Superior, or to the holder of the mortgage for the periods for which the sum sued for was alleged to have been earned.

It is earnestly contended by the appellant that Brother Anthony Collassowitz had authority to make the contract, and appellant states that the uncontradicted testimony shows that Brother Anthony Collassowitz was authorized and directed to enter into a contract to procure a loan, and that the pleadings admit this. The appellee does not dispute this. It says that he had authority to procure the loan, and that he had authority as local Superior to pay current expenses which included paying the insurance premiums for one year; that he had no authority beyond this; that he did not have authority to make the contract relied on by appellant.

Mr. McCarroll testified that he did not inquire into the authority of the agent, but just assumed that Brother Anthony had authority.

The general rule is that a person who deals with an agent is bound to take notice of the extent of the agent's authority. 7 R. C. L., § 623, p. 626.

An agent cannot confer authority on himself or make himself agent by merely saying he is one, and where he varies from the particular authority given him, his acts will not bind his principal. The declarations of an agent do not establish his agency. Neither agency nor the extent of an agent's authority can be established by his declarations.

"The authority of an agent, and its nature and extent, where these questions are directly involved, can only be established by tracing it to its source in some word or act of the alleged principal. The agent certainly cannot confer authority upon himself or make himself agent merely by saying that he is one. Evidence of his own statements, declarations or admissions, made out of court, therefore (as distinguished from his testimony as a witness), is not admissible against his principal for the purpose of establishing, enlarging or renewing his authority, nor can his authority be established by showing that he acted as agent, or that he claimed to have the powers which he assumed to exercise. His written statements and admissions are as objectionable as his oral ones, and his letters, telegrams, advertisements and other writings cannot be used as evidence of his agency.

The fact that the agent has since died does not change the rule. Where his authority is in writing, he cannot extend its scope by his own declarations. His act and statements cannot be made use of against the principal until the fact of the agency has been shown by other evidence.

"This court has many times held that the acts or declarations of one does not prove that he is an agent, and that the agent cannot bind his principal beyond the limits of his authority. It therefore follows necessarily that the act and declarations of Walz, that were beyond his authority as contained in the written contract, are not binding on the bank." *American Southern Trust Company* v. *McKee,* 173 Ark. 147, 293 S. W. 50; Mechem on Agency, vol. 1, § 285.

The appellant says: "It is a well-known principle of law that an agent has the right to bind the principal within the apparent scope of his authority."

If the acts done by the agent are within the apparent scope of his authority, the principal will be bound whether the agent was given the authority actually or not.

"Apparent authority in an agent is such authority as the principal knowingly permits the agent to assume, or which he holds the agent out as possessing, such authority as he appears to have by reason of the authority which he has; such authority as a reasonably prudent person, using diligence and discretion in view of the principal's conduct, would naturally suppose the agent to possess." *American Southern Trust Co.* v. *McKee, supra; Ozark Mutual Life Ass'n* v. *Dillard,* 169 Ark. 136, 273 S. W. 378.

It is contended by appellant that one is bound by a contract which he signs whether he read it or not, and that is generally true. It is unnecessary, however, to discuss this question, because if the agent did not have authority to sign the contract, it is immaterial whether he read it or not.

On the question of ratification it is sufficient to say that in order to be binding, it must have been made with

knowledge of all material facts, and there is no evidence here that the appellee knew the facts.

This suit is to collect 20 per cent. $304.78, the amount of premiums that would have been earned by appellee on two policies, which appellee contends were never received by it. The testimony on the part of the appellant shows that Mr. McCarroll wrote a letter and inclosed it with the policies and mailed it to the bank in St. Louis.

The assistant secretary of the bank testified that he had no record of having received any policies at the time Mr. McCarroll testified that he mailed these policies, and the president of the appellee testified that they did not receive the policies.

Appellant states that, under the laws of this state and other states, when a letter is properly addressed, stamped and mailed, it is presumed that it is received. The evidence shows that these policies were mailed, but the evidence tends to show that they were not received.

Appellant quotes from the *Travelers Ins. Co.* v. *Thompson*, 193 Ark. 332, 99 S. W. 2d 254, as follows: "This presumption could be rebutted by testimony that it was not in fact received, but the positive denial by the plaintiff that same was received, would not be sufficient, as a matter of law, to nullify the presumption of its receipt. Such testimony simply left the question as to the receipt of the letter for the determination of the jury under all the testimony adduced at the trial."

The denial of the parties that the policies were received did not, as a matter of law, nullify the presumption that when mailed by the sender, they were received; but it is a question of fact then for the jury to determine from all the evidence, whether the policies were received.

A verdict supported by evidence of a substantial character will not be disturbed on appeal. *Hill* v. *Newell*, 182 Ark. 1185, 32 S. W. 2d 174; *Platt* v. *Owens*, 183 Ark. 261, 35 S. W. 2d 538; *Price-Snapp-Jones* v. *Brown*, 184 Ark. 1143, 45 S. W. 2d 517; *Texas & Pacific Ry. Co.* v. *Stephens*, 192 Ark. 115, 90 S. W. 2d 978.

Numerous cases might be cited supporting this well-established rule. Juries generally hear the witnesses testify; they have an opportunity to observe their de-

meanor on the witness stand, and a much better opportunity to determine whether they are telling the truth, than the judges of the appellate court. They are, therefore, the sole and exclusive judges of the credibility of the witnesses and the weight to be given their testimony.

This case, however, was tried before the judge sitting as a jury, and we have many times held that where a case is submitted to the trial judge, his finding of fact is as conclusive as the finding of a jury. *American Ins. Co.* v. *Brannan,* 184 Ark. 978, 44 S. W. 2d 346; *Sternberg* v. *Snow King Baking Powder Co.,* 186 Ark. 1161, 57 S. W. 2d 1057; *Horvell* v. *Matthews,* 189 Ark. 356, 72 S. W. 2d 214.

As to whether the policies were mailed, and as to whether they were received by the parties to whom they were mailed, was a question of fact, and there is substantial evidence to support the verdict of the trial court.

The judgment is affirmed.