FAULKNER *v.* BIG ROCK STONE & MATERIAL COMPANY.

4-6062                                                    143 S. W. 2d 883

Opinion delivered October 21, 1940.

[10] For a somewhat analogous principle, see *Cutrell* v. *Hoover,* 194 Ark. 1085, 110 S. W. 2d 19.

*Sam Robinson* and *Fred A. Isgrig,* for appellant.

*Rose, Loughborough, Dobyns & House,* for appellee.

HOLT, J. Appellant here recovered a judgment in the court below to compensate a personal injury sustained in the course of his employment by appellee. Upon motion of appellee the judgment was set aside and a new trial granted, and this appeal is from that order, appellant having stipulated that if the judgment granting a new trial be affirmed judgment absolute may be rendered in this court under § 2735, Pope's Digest.

Appellant (plaintiff below) recovered judgment upon the theory that he had been put at work with an unsafe machine; that he made complaint of its condition and was promised that it would be repaired. He was told that as soon as the machinist finished working on a boat the machine at which he worked would be repaired in a day or two. This promise was made on Friday. The repairs were not made, and appellant was injured at about nine a.m. the following Tuesday.

Three instructions, numbered 1, 2, and 3, were given at the request of the plaintiff, over the objections and exceptions of the defendant, which the trial court concluded were erroneous upon hearing the motion for a new trial, and it is now insisted, for the reversal of this order, that the instructions were not erroneous, and that the new trial should not have been granted.

The trial court concluded, as is evidenced by a written opinion delivered when the motion for a new trial was granted, that the promise to repair in a day or two was to be taken literally as a definite limitation, and that, as they were not made within the time promised, the plaintiff was not relieved of the assumption of the risk of injury after the expiration of the time within which the repairs were to have been made.

We think the trial court was in error in this respect. The plaintiff's testimony was to the effect that the repairs were to be made within a day or two after the machinist had repaired a boat. It was not shown how long that work would require. We think the jury might have

found that the effect of the promise set out above was to make the repairs within a reasonable time, and that it was a question for the jury as to what was a reasonable time. In other words, the expression, in a day or two, is not to be taken as an exact limitation of time, and especially not when accompanied by the statement that the repairs were to be made after the boat had been fixed. We think it was a question for the jury whether the phrase, "in a day or two," had not been used in its colloquial sense, meaning at an early date or within a reasonable time. Similar phrases have been so construed in the following cases: *Kepner* v. *Cleveland, C. C. & St. L. Ry. Co.*, 322 Mo. 299, 15 S. W. 2d 825, 65 A. L. R. 599; *Atchison, T. & S. F. Ry. Co.* v. *Lannigan,* 56 Kan. 109, 42 Pac. 343; *St. Louis-S. F. Ry. Co.* v. *Sears,* 173 Okla. 483, 49 Pac. 2d 489; *Diehl* v. *Swett-Davenport Lumber Co.*, 14 Cal. App. 495, 112 Pac. 561; *Johnson* v. *Chicago, M. & St. P. Ry. Co.*, 71 Mont. 390, 230 Pac. 52.

If there were no other objections to the instructions except the one just discussed, we would be constrained to hold that there was no error in the instructions warranting the granting of a new trial.

The court, however, had given instruction No. 2 reading as follows: "Although you may find from the evidence that the valve was defective and the plaintiff knew that the valve was worn and defective and thereafter continued his work, still, if you should find that he complained to the defendant, or one of its agents whose duty it was to keep said valve in repair and that the said defendant, or his said agent, promised the plaintiff that he would repair the said defect, and requested him to continue his work at said machine until repairs were made and if you find that he relied upon such promise, if any, and continued in the work for which he was employed, but that the danger arising from the condition of said valve was not so obvious or imminent that an ordinary prudent person would not have continued in the work then it is for you to find under the facts and circumstances of the case whether or not plaintiff was guilty of such contributory negligence in continuing his

work after the promise to make said repairs, if any, as would preclude him from recovering in this case.''

After quoting the exact testimony of appellant both upon his direct and cross-examination, upon the question of the promise to repair, the opinion of the court below states: ''In instruction No. 2, requested by the plaintiff and given by the court, that portion of the instruction covering the promise to repair is as follows: 'That the said defendant, or his said agent, promised the plaintiff that he would repair the said defect, and requested him to continue his work at said machine *until repairs were made.*' And in instruction No. 3, requested by plaintiff, that portion of the instruction covering the promise to repair is as follows: '. . . but if you find that he made complaint to the defendant or its agent, whose duty it was to keep the defendant's machinery in repair, and that said defendant or his agent told or promised him that he would make the necessary and proper repairs on said machinery and requested him to continue his work at said machine *until repairs could be made.* . . .' ''

The opinion then reviewed and gave the court's interpretation of the opinion of this court in the case of *Roach* v. *Haynes,* 189 Ark. 399, 72 S. W. 2d 532, after which the judge, in his opinion, proceeded to say: ''Instruction No. 2 was error because it instructed the jury they could find for the plaintiff if they found that the defendant requested him to continue his work at said machine *until repairs were made,* which again is incorrect because nowhere did the plaintiff state that he had been requested to continue to work until repairs were made. Again in instruction No. 3 the court erred in granting the instruction because the instruction told the jury they could find for the plaintiff if they believed that he had been requested to continue his work at said machine until repairs could be made. Plaintiff did not testify that defendant requested him to continue work until repairs could be made, but definitely testified that he was told repairs would be made in a day or two. The court feels that he erred in giving the three instructions as they did not apply to the testimony given by the

plaintiff, which was the only testimony as to the promise to repair, and under the law as set forth in plaintiff's memorandum brief the defendant could not be bound under a definite promise to repair within a day or two where the accident occurred four days following the date on which plaintiff reported the defective condition of the machinery. For that reason, the court will have to grant the motion for a new trial and set aside the verdict.''

As we have said, we think the court below was in error in limiting the time within which the repairs were to be made to a day or two; but a different question is presented in the portions of the instructions here quoted which relieve plaintiff of the assumption of the risk until the repairs were made. The repairs might never have been made; as a matter of fact, they have never been made. On the contrary, other employees have continued the use of the machine which plaintiff says was defective without injury and without repairs having been made. Under the instructions quoted, appellant would never have assumed the risk of injury, although he testified that he was fully aware of the defect in the machine, and had attempted to repair it on the Sunday previous to his injury. The testimony was conflicting as to whether the machine was defective, and, if so, whether complaint of that condition had been made to any one in authority, and also as to whether there had been any promise to repair by any one having authority to make this promise.

We said in the case of *Texas & Pacific Ry. Co.* v. *Stephens,* 192 Ark. 115, 90 S. W. 2d 978, ''. . . that the trial court is more than a mere chairman preserving order in the conduct of trials. He is a vital force in the use of his learning and his experience in the conduct of trials, exercising judicial discretion, which must always be approved, except when it has been demonstrably abused.''

We are unable to say that the trial court abused its discretion in concluding that he had committed error in giving instructions and had confused the jury by sub-

■■■■

mitting an issue which there was no proof to sustain. The promise of the master to repair relieves the servant of the assumption of risk (unless the work is so obviously dangerous that no reasonably prudent person would attempt its performance) until the master has had a reasonable time within which to make the repair; but this promise does not relieve indefinitely or "until the repairs were made," as instruction No. 2 declared the law to be under the interpretation given it by the trial court. There was, as the court stated, no testimony that plaintiff was requested "to continue his work at said machine until repairs were made," and we think it within the discretion of the trial court to find that it was error to have so charged.

We are unable, therefore, to say that the trial court abused its judicial discretion in granting a new trial, and the judgment must, therefore, be affirmed, and, under the stipulation filed by appellant, judgment absolute is rendered against him.

HUMPHREYS and MEHAFFY, JJ., dissent.